# AHLFELDT, Appellant, v. CITY OF MEXICO, Respondent.

### St. Louis Court of Appeals, February 18, 1908.

1. **MUNICIPAL CORPORATIONS: Streets: Obstruction: Danger Signals.** Where a city temporarily withdraws a street from public travel for the purpose of paving it and in so doing renders the street dangerous, it is under obligation to exercise ordinary care in providing adequate danger signals; what is ordinary care in such case would be what an ordinarily prudent person would do under like circumstances to warn wayfarers of the danger.

2. ———: ———: ———: ———: **Evidence: Custom.** In an action against a city for injuries received by the plaintiff while driving into a dangerous excavation made for the purpose of improving the street, where the petition alleged that the city was negligent in failing to provide adequate danger signals, it was competent to show the custom in that and other cities of displaying signal lights at points where streets were rendered dangerous by making improvements; this evidence was admissible for the purpose of showing whether the city was negligent in failing to display proper signals; it was also competent upon the question as to whether the plaintiff was negligent in driving into the dangerous place.

3. **APPELLATE PRACTICE: Evidence: Stating What is Expected in Evidence Excluded.** Where a question propounded to a witness clearly indicates that the answer to it would be pertinent and material to the issues, the matter is open for review in the appellate court, and it is not necessary in such case for the party offering the evidence to state and place in the record what he expects to prove by the witness.

Appeal from Audrain Circuit Court.—*Hon. James D. Barnett,* Judge.

REVERSED AND REMANDED.

*P. H. Cullen* for appellant.

(1) When the question is whether or not there was want of due care in any particular case, evidence

of usage is admissible to show what constitutes due care as applied to that particular case. "Ordinary care" is not measured by a fixed rule, but by the usages of different places and trades. Cummings v. Gillespie Co., 62 N. J. L. 370, 41 Att. 693; 3 Elliott Ev., 2, 2505, 2521; Greenwell v. Crow, 73 Mo. 638; Hunt v. Hurd (C. C. A.), 98 Fed. 683; Olsen v. Lumber Co. (C. C. A.), 119 Fed. 77; Johnson v. Lightsey, 34 Ala. 163, 73 Am. Dec. 450; Hennesey v. Bingham, 125 Cal. 627; Barber v. Brace, 3 Conn. 9, 8 Am. Dec. 149; Railroad v. Harrington, 192 Ill. 9; Mentzer v. Davis, 109 Iowa 528; Taylor v. Coal Co., 110 Iowa 40; Thayer v. Coal Co., 121 Iowa 121; Cass v. Railroad, 14 Allen (Mass.) 448; Carr v. Tunnel Co., 131 Mich. 592; LaBarre v. Railroad (Mich.), 94 N. W. 735; Woehrle v. Railroad, 82 Minn. 165; Perras v. Booth, 82 Minn. 191; Bookman v. Masterson, 83 N. Y. Ann. Div. 4; Boyce v. The Steamboat Express, 1 Ohio Dec. (Reprint) 173, 3 Cinc. L. Bul. 174; Railroad v. Schultz, 9 Ohio Cir. Dec. 816, 19 Ohio Cir. Ct. 639; Railroad v. Vogelson, 23 Ohio Cir. Ct. 361; Fiore v. Ladd, 22 Oregon 202; Jochem v. Robinson, 72 Wis. 199. (2) Where an act is not negligent *per se*, the plaintiff to rebut a charge of contributory negligence, may introduce evidence of a general custom among persons experienced in the performance of the same act, under similar circumstances, to perform it as he did. Walsh v. Trans. Co., 52 Mo. 434; Waters v. Moss, 12 Cal. 535, 73 Am. Dec. 561; Whitsett v. Railroad, 67 Iowa 150; Prosser v. Railroad, 17 Mont. 372; Keating v. Railroad, 49 N. Y. 673; Nelson v. Railroad, 18 Utah 244.

*A. C. Whitson,* City Attorney and *O. Hitt* for respondent.

(1) Where an objection to a question is sustained and the party offering the testimony does not advise trial court of the facts which the excluded question is expected to develop, the ruling is no ground for reversal.

Summers v. Insurance Co., 90 Mo. App. 691; State ex
rel. v. Farwell, 82 Mo. 260; Artz v. Insurance Co., 90
Mo. App. 547; State v. Martin, 124 Mo. 514; Hickman v.
Green, 123 Mo. 179; Berthold v. O'Hara, 121 Mo. 88;
Jackson v. Hardin, 83 Mo. 175; Lee v. Knapp & Co., 155
Mo. 41. (2) What other parties may have usually
done when making excavations in the streets was not
competent either as against defendant as tending to
show negligence on its part, or in favor of plaintiff
as tending to show due care on his part. Schermer v.
McMahon, 108 Mo. App. 36; Koons v. Railroad, 65 Mo.
592; Helfenstein v. Medart, 136 Mo. 617; Doyl v. Trust
Co., 140 Mo. 19.

NORTONI, J.—This is an action for personal in-
juries said to have accrued to plaintiff by virtue of the
defendant city's negligence in failing to properly notify
the plaintiff and other members of the public that a
certain public street, then being paved, was withdrawn
from public occupation. The plaintiff is a travelling
agent, engaged in selling threshing machines, sawmills,
etc. He had been prosecuting his calling in the country
several miles from the city of Mexico and was returning
therefrom to the hotel in that city at the time of his
injury. The surface of one of the city's principal streets,
Jefferson street, had been lowered some six or eight
inches preparatory to paving the same, and the street
had been withdrawn from public travel. The plaintiff
was not a resident of the city. He had no knowledge
of the street improvement or that it was temporarily
withdrawn from use. The street mentioned runs north
and south. In order to prevent persons from driving
over the portions thereof being improved, the city had
caused to be stretched across the same just south of the
portion involved, a small wire, said to be an ordinary
telephone wire, about the size of the lead in a pencil.
One end of this wire was made fast to a telephone pole

and the other to a tree, each adjacent to the sidewalk, on either side of the street. One end of the wire was probably fifteen feet farther south than the other, the wire being drawn diagonally across the street. The plaintiff was returning from the country driving in a "jog trot." As the team ran into the wire, the wire became disconnected at one or both ends, the horses instantly became frightened on account of becoming entangled in the wire, turned the carriage over, injured the plaintiff severely and ran away. The negligence relied upon is that the city was derelict in not providing sufficient warning or notice that the street was obstructed by the wire and withdrawn from public use. It is conceded the city had placed only one red light in the entire street at the point in question and the evidence on the part of plaintiff tends to prove this was a common coal oil lantern reflecting a very dim red light, which light was near to one side of the street and not in or near the center thereof. It is insisted that the city should have placed two or three lights across the street at the point in question in order to have discharged its duty to warn or notify the public of the presence of the wire across the same. The case proceeds upon the theory that one light was inadequate for the purpose of notifying the plaintiff that the entire street was withdrawn, as it is said one light indicates danger only at the point at which the light is displayed and not that the entire street is withdrawn, as in the case at bar. There is, indeed, no doubt on the general proposition that a city may temporarily close a street for the purpose of improving the same. There is no complaint here with respect to closing the street, so that question is beside the case. However that may be, in closing the street for the purpose mentioned, it was the duty of the city to do so in such a manner as to notify the public of its exclusion therefrom, and if, in closing a street, the city renders it dangerous, an obligation is

thereby affixed against the city to exercise ordinary care to provide some sort of adequate and proper danger signals to warn or notify unsuspecting travellers of danger ahead, for the traveller has the right to presume the street is open for travel until he is in some manner given adequate notice to the contrary. There is no doubt in this case on the facts in proof that the question of whether or not the city had exercised ordinary care to the end suggested, was one for the jury and the court properly referred it to them. [Stephens v. City of Macon, 83 Mo. 345.]

The important question on this appeal is: how shall the question of defendant's negligence be ascertained? There is no positive rule of law with respect to what shall be sufficient notice in such cases, and the matter therefore resolves itself into one of general jurisprudence, to be determined by reference to the usual standard set up in such cases, and that is, what would an ordinarily prudent person do under like circumstances toward notifying a wayfarer of the impending danger, if any, and what is an ordinarily prudent man to understand by the display of certain signals in a thoroughfare at night? The questions presented are essentially relative in their nature and are to be ascertained and their solution had by reference to the standard above mentioned. Now upon the presentation of an ordinary question between man and man a jury could arrive at a satisfactory conclusion by considering the conduct of ordinarily prudent persons of their acquaintance in the neighborhood. This, however, is not precisely such a case. It is a matter where a municipality on the one hand, and a man of affairs on the other, both of whom are essentially familiar with the course dictated in such circumstances by ordinary prudence in the management of other towns and cities. Both parties are concerned in this connection; the plaintiff, a traveller, much of his time in a carriage, has occasion to observe

and know what certain warning lights displayed in the streets of a city or town, are intended to, and what they do in fact, signify to a reasonably prudent person; the defendant city, a builder and repairer of streets, has occasion to know and understand what ordinary prudence dictates to other and neighboring cities as sufficient signals to convey adequate information to the pedestrians and that an entire street is withdrawn or only a small portion of it is removed from public use, such as results from sinking a hole therein for the purpose of the plumber, the gasfitter, etc., etc., or permission to an adjacent proprietor in erecting a building, or something of that nature.

The time of the injury was after dark, the place was under cover of a heavy shade from the trees on either side of the street. Of course it was impossible with only one light in the street, for a traveller in a buggy, behind a team of horses, to see a small telephone wire stretched across the street. The plaintiff seeing only one light exhibited and this light to one side of, rather than in the center of the street, understood it to signify danger only at the point where the light was displayed and guided the team well toward the sidewalk farthest from the light. The wire being diagonally across the street, the team had actually passed the light before it collided and became entangled in the wire and the plaintiff's resultant injury. Now, to the end that the jury should be enlightened as to what one red light signified when displayed in the public thoroughfare thus, plaintiff attempted to prove that it was the custom which obtained in the city of Mexico, as well as the custom which obtained in other neighboring towns, to display one light only when the danger was at or immediately about the signal and that when the entire street was withdrawn from the public, three or more signals were displayed, one at either side of the street and one in the center. The court excluded the offer of proof as

made, and ruled that the plaintiff could only show what had been the custom in the city of Mexico. Exception was saved thereto. The court's ruling in this respect was error for which the case should be reversed. It is true that custom or usage cannot well justify a negligent act and evidence of such a custom or usage is usually inadmissible for that purpose, and evidence of a custom ordinarily is inadmissible to show negligence. But the law is well settled to the effect that the absence of the usual and customary precautions at a known place of danger may sometimes be shown as bearing upon the issue of negligence or contributory negligence. Evidence of this nature bears upon the question of reasonable care on the part of the defendant as tending to show what ordinarily prudent persons do under like circumstances, and while a compliance with such custom might not necessarily exonerate the defendant, or a non-compliance inculpate the defendant on the score of negligence, the showing whether or not the defendant acted as ordinary prudence dictated to others in like circumstances is material for the consideration of the jury in determining the question of negligence involved. And it is said to be likewise admissible for the purpose of determining the question of plaintiff's contributory negligence and enlightening the jury as to what he was to understand from certain signals and what should be the course of his conduct upon seeing them displayed. Gillespie Co. v. Cumming, 62 N. J. L. 370, — is precisely in point on this question and is well worthy of consideration. [See also 3 Elliott on Evidence, sec. 2502; Johnson v. Lightsey, 34 Ala. 169-173; Hunt v. Hurd, 98 Fed. 683; Olsen v. Lumber Co., 119 Fed. 77; Railway v. Harrington, 192 Ill. 9.]

It is insisted, however, on the part of the defendant that even though the court erred in excluding the evidence mentioned, the matter is not open for review here for the reason plaintiff's counsel failed to make a direct

proffer of the proof after the court had ruled upon the question by saying in substance, "I offer to prove, etc., by this witness," etc., etc.  Now the rule invoked in this behalf does not go to the extent suggested.  It is true that the party offering evidence must show in the appellate court clearly what he offered to prove and its relevancy before he will be entitled to have the action of the trial court in excluding his offer, reviewed.  The doctrine obtains as parcel of the rule that the circuit court is presumed to have acted rightly in the matter and the burden rests upon the party asserting error to make it so appear.  However this may be, it is not in every case of rejected testimony that the party is concluded by failing to state what he expects to prove, for if the question propounded and the trend of the examination clearly indicates and discloses that the answer will be pertinent and material, the matter is open for review in the appellate court.  [State ex rel. Farwell v. Leland, 82 Mo. 260; Bank v. Aull, Admr., 80 Mo. 199; Jackson v. Hardin, 83 Mo. 175.]  It appears, however, in the record plaintiff's counsel stated that he desired to prove an affirmative answer to each of the questions propounded and this is certainly sufficient on the question.  As the case will have to be retried, it is proper to suggest that we entertain no doubt whatever upon the proposition that there was sufficient evidence for the court to submit to the jury the question of plaintiff's contributory negligence.  Although the proof is meagre upon that score, it is certainly a question for the jury as to whether or not plaintiff acted with ordinary prudence by driving upon a street without closely scrutinizing the situation after having discovered one danger signal displayed therein.

For the reasons stated, the judgment will be reversed and the cause remanded. *Bland, P. J.,* and *Goode, J.,* concur.