EMERSON-BRANTINGHAM    IMPLEMENT    COMPANY, a Corporation, Respondent, v. J. B. SIMPSON, Appellant.

Springfield Court of Appeals, January 14, 1920.

1. SALES: Evidence of Breach of Warranty of Tractor in Action for Price Admissible.   In an action for the price of a tractor sold under written warranty that with proper management it would do as good work as any other machine of the same size, defendant purchaser was entiled to introduce evidence of the owner of another and smaller tractor that defendant's machine would not pull plows through the same kind of land as fast as his own, of less power.

2. ———: Notice of Breach of Warranty Effectual, Though Sent to and Actually Received at Wrong Point.   Where the buyer  of a tractor gave notice of breach of warranty to the seller within the six days specified by the contract, and the seller received such notice, it is immaterial that the contract provided that the notice be given the seller at Rockford, Ill., and not Peoria, where it was actually sent and received.

3. ———: Notice of Breach of Warranty of Tractor Sufficient in Specification of Defect.   Written notice of breach of warranty of a tractor sold that it would not pull four plows on high speed in the buyer's land was sufficient to charge the seller; the tractor having had two speeds, and having been made to pull five plows.

4. APPEAL AND ERROR: Defendant Cannot Complain of Exclusion of Exhibits not Offered.   Defendant cannot complain of the exclusion from evidence of certain exhibits, which he did not offer in evidence,

5. **SALES: Breach of Warranty of Tractor sold Defeats Recovery to Extent of Injury.** If the buyer of a tractor under warranty that it would do substantially as good work as other tractors of the same size, manfactured for the same purpose, can show that his tractor will not do substantially as good work, he can defeat recovery by the seller of the tractor on the defense of breach of warranty to the extent that the failure of his tractor detracts from the value based on the purchase price.

6. **SALES: Remedies of Buyer in Case of Breach of Warranty.** Where there was a warranty, and it was breached by the seller the buyer may maintain an action, or may keep the chattel and set up the breach of warranty, in diminution of extinction of the price, against the seller's action; the defense being complete only when damages are equal to price, or the article is valueless.

7. **APPEAL AND ERROR: Offer of Proof not Always Necessary as Basis for Review of Exclusion of Evidence.** Properly to reserve for review the action of a trial court in excluding evidence, the aggrieved party usually should make an offer of what the evidence would have been if admitted, but where a question propounded clearly indicates the pertinency and materiality of its answer, the matter is open for review, on proper exceptions, in the absence of offer of proof.

8. **TRIAL: Instructions Should be Confined to Issue.** In an action for price of a tractor, defended for breach of warranty, the only issue, the instructions should have been confined to such issue, except as to defendant buyer's counterclaim and machinery returned to the seller.

Appeal from Mississippi County Circuit Court.—*Hon. Frank Kelly*, Judge.

REVERSED AND REMANDED.

*Haw & Brown* for appellant.

(1) The court erred in sustaining objections to the testimony of defendant, including the testimony tending to show his inexperience with, and lack of knowledge of tractors. Defendant's answer alleged that the conduct of plaintiff constituted fraud, and all evidence tending to show what the agreement really was and the contemporaneous statement was admissible, 17 Cyc.

687 (B) and 701 (H); Stone v. Barrett, 34 Mo. App. 15; 13 C. J. 396 (sec. 306). (2) If a thing is sold under warranty and will not do the work it was warranted to do, the purchaser can recover. Machine Company v. Gasperson, 168 Mo. App. 558, l. c. 574-575; Brown v. Weldon, 94 Mo. 564; Compton v. Parsons, 76 Mo. 455; Keystone Imp. Co. v. Leonard, 40 Mo. 477; 1 Beach on Corporations (1 Ed.), sec. 261.

· *Russell & Joslyn* for respondent.

(1) Appellant failed to give the respondent notice according to the terms of the contract, and, therefore, was not entitled to show a failure of warranty. Nicholas, Shepherd & Company v. Rhoadmann, 112 Mo. App. 299; Machine Company v. Wells, 182 Mo. App. 50; Nicholas, Shepherd & Company v. Larkin, 79 Mo. App. 264. (2) The special contract of warranty imposing conditions precedent took the place of a like or inconsistent implied warranty, and appellant could not plead and prove failure of the implied warranties and thus escape the performance of conditions precedent contained in the written contract. Boyer v. Neal, 50 Mo. App. 26-35; Wood Machinery Company v. Bobbst, 56 Mo. App. 427; Machine Company v. Gasperson, 158 Mo. App. 571. (3) The written contract is conclusively presumed to merge all prior negotiations and to express the final agreement of the parties; therefore, all of the evidence offered by the appellant in support of the third paragraph of his amended answer was properly excluded. Crim v. Crim, 162 Mo. 544; Bank v. Wells, 98 Mo. App. 573; Bank v. Birsch, 154 Mo. App. 631; Tracy v. Union Iron Works Company, 104 Mo. 193; Union Breeders' Company v. Wright, 134 Mo. App. 717; Bradford v. Wright, 145 Mo. App. 623; Zeller v. Ransom, 140 Mo. App. 220.

BRADLEY, J.—Plaintiff sued to recover $2100 the purchase price of a Big Four-20 horse power gasoline

tractor and other machinery. The contract was in the form of a written order signed by defendant. The defense was that the written order did not contain the whole agreement, and a breach of the warranty contained in the agreement. Defendant also interposed a counterclaim for freight paid and expenses incurred in attempting to operate the tractor. The cause was tried to a jury and resulted in a verdict for plaintiff for the amount sued for, and for defendant on his counterclaim, and for some machinery returned, and defendant prosecutes this appeal.

The contract is lengthy and we will refer only to those parts that are material here. Defendant sets up alleged misrepresentations inducing him to sign the contract, but there is no evidence to support these allegations. The cause must, therefore, be determined by the contract itself, and the record as appears here relative thereto, independent of any prior oral promises and representations. Defendant signed the contract or order at Peoria, Illinois, March 30, 1916, after he had seen and inspected the machinery. The machinery was to be delivered to defendant at Belmont, Missouri, and by the contract he was to pay $100 cash on delivery and give his notes for the balance. The contract provided that in the event defendant failed to accept the machinery when tendered at the place of delivery, and make settlement therefor in accordance with its terms at the option of plaintiff the contract would stand as the purchaser's written obligation, and would have the same force and effect as notes and mortgages for all sums not paid in cash. Plaintiff shipped the machinery to defendant at Belmont and he refused to accept it, and plaintiff exercised its option and sued for the purchase price.

The decisive issue, when the alleged oral representations are eliminated, is confined to the written warranty, which is as follows: "The company warrants the machinery ordered herein to be well made, of good material, and with proper use and management to do as

good work as any other machine of the same size, manufactured for a like purpose."

Plaintiff's agents, when defendant refused to accept the machinery, unloaded the same form the car, set it up, and carried it to defendant's farm, and put in two or three days trying to make the tractor satisfactory to defendant, but not being successful they gave up trying to make. the tractor work to the satisfaction of. defendant, and left it at his premises. Defendant refused to accept the machinery, because of his understanding that plaintiff was to set it up and make it work in accordance with the alleged representations made before he signed the contract. The contract provided that any act of any agent of plaintiff would not constitute a waiver of any stipulation in the warranty. Defendant's complaint is that the tractor would not pull four plows in his land on high speed, and he sought to show that the tractor did not do as good work as other machines manufactured for a like purpose. Defendant was not familiar with tractors and sought to make his proof by witnesses who' had had experience with tractors; but the court confined the evidence to such narrow limits that he was practically precluded from making any proof at all. The court directed a finding for plaintiff, but left the amount to the jury; but as there was no evidence of consequence admitted tending to establish the defense of a breach of warranty, the instruction was, for all practical purposes, peremptory as to the amount.

Defendant put C. E. French on the stand, and he testified that he had an Emerson-Brantingham Big Four -20-35 tractor, same as defendant's, and that he had observed other tractors at work. Then the witness was asked to state whether the Emerson-Brantingham 20-35 would do as much work as any other machine, manufactured for like purpose. Objection was made that the evidence of this witness was incompetent unless he knew about defendant's tractor, and the court sustained the objection. This witness was asked for what purpose

his tractor was made, and an objection was again sustained. The witness stated that he had seen the Titan, a smaller tractor, in operation. Then he was asked if the Titan would do as good work under similar conditions as the Emerson 20-35. Objection was made to this and was sustained on the ground that the proper foundation had not been made. Defendant then endeavored to prove by this witness the comparative work of the Titan, 10 horse power, with the Emerson 20 horse power, and an objection was sustained. George Barrett, a witness for plaintiff, testified that he had a 9-16 Mogul tractor, and that he had done a good deal of plowing with tractors; that he saw defendant's tractor while plaintiff's agents were operating it on defendant's farm, and that it was not going as fast as the usual rate of speed for tractors. That it went about half as fast as his machine, but that he wasn't pulling as many plows on his machine; that he timed defendant's tractor, and it took forty minutes to go about a quarter of a mile. The evidence shows that those attempting to operate defendant's tractor used five plows part of the time, and four plows part of the time, but it does not appear how many plows they were using when the witness timed the tractor. The plows on defendant's tractor were the same size as the plows on the witness' tractor. This witness testified that his tractor went about twice as fast as defendant's, and on motion this was stricken out. This witness further testified: "My machine pulled three fourteen-inch plows; it pulled in light soil and black soil both. I have used my tractor in the same kind of land where the plowing was going on on Mr. Simpson's land. The tractor that was on his land had fourteen-inch plows, the same size as mine. My tractor is 8 horse power at the drawbar, and 16 at the belt. The power of the tractor in question was twenty, I believe, at the drawbar. I am not positive what it was at the belt. I plowed black land, and my tractor went about as fast one place as another. My tractor hasn't got but one speed. It is reasonably fast, I guess. When I saw

this tractor running, they run it part of the time on high and part on low. Q. How did your one speed compare with the high speed of the tractor in question? A. Well, it went faster. Judge Russell: I object to that, and moved that it be stricken out, because, it is not shown from the testimony that they were geared at the same speed. The Court: Objection sustained." Defendant saved his exceptions to all adverse rulings.

It was competent for defendant to show for what purpose his tractor was intended, and he could show this by a witness who had a tractor like defendant's, and who know for what purpose the tractor was intended. If such evidence is not competent, then that part of the contract which warrants the tractor to do as good work as any other machine of the same size, manufactured for a like purpose would have no significance. Defendant certainly wouldn't order the tractor as an ornament, and unless it would do substantially as good work as any other machine of the same size and manufactured for a like purpose, there was a breach of the warranty. The warranty without deviating from its letter would permit evidence of how any other tractor of the same size worked, whether of the same make or not, and evidence as to how a smaller tractor worked which was made for the same purpose would be some evidence tending to show what might be expected of defendant's tractor, and we think the learned court was in error in sustaining objections to evidence offered of that character. Certainly defendant was entitled to show by the witness French, if he could, who had a tractor exactly like defendant's, that the tractor in question would not do substantially good work.

The contract provided that if the tractor failed to fill the warranty that written notice should be given plaintiff at Rockford, Illinois; by registered letter, and also a written notice to the local agent, within six days from the day of the first use of the machinery, and failure to give such written notice would be conclusive evidence of the fulfillment of the warranty, and full sat-

isfaction of the purchaser. Plaintiff contends that defendant is barred from setting up any breach of warranty, because he failed to give the notice within the time required, and also failed to specify in what particular the tractor failed to work. The record is not clear as to what day the first work with the tractor was attempted. It is shown that defendant mailed, by registered mail, a notice to plaintiff at Peoria, Illinois, and also to its local agent, at Charleston, Missouri, on May 10, 1916. It is also shown that plaintiff acknowledged receipt of the notice mailed to it at Peoria. Defendant testified that he gave the notice within the six days. Plaintiff also makes the point that the contract provided that the notice be given it at Rockford, Illinois, and that the notice given by defendant was sent to Peoria. There is no merit in this contention. The notice was given and plaintiff received it, and defendant says it was given within six days, and there is nothing to the contrary. There is no support, therefore, for plaintiff's contention on the notice unless it be that defendant failed to state wherein the tractor failed to measure up to the warranty. In his written notice defendant stated that the tractor would not pull four plows on high speed in his land. The tractor had two speeds, and was *made* to pull five plows. It certainly would be bad grace to say that plaintiff specified no particular in which the warranty was breached, if the tractor was made to run on two speeds, and pull five plows, if in fact it would not pull four plows on high speed. There is no evidence that defendant was insisting that the plows be run at an unreasonable depth, and plaintiff's representatives who were attempting to make the tractor work admitted that it didn't pull four plows on high speed in defendant's land, but they say that the land was very rough and the worst they ever saw. But defendant stated that it wouldn't pull four plows on high speed in light soil. That they tried it where there was no complaint about the character of the soil, and that it would not pull the four plows on high speed in that soil. Witness Barrett

testified that his 8 horse power Mogul pulled three fourteen inch plows, both in light and black soil, and that he had used his tractor in the same kind of land as defendant's.

The contract as a whole is very one sided and allows a purchaser but little latitude for protection, but as we have pointed out there is no showing that any fraud was perpetrated upon defendant, and he signed the contract after having read it, and after he knew its terms, and he is therefore bound by the terms of the written contract. He should, however, be permitted to show, if he can, that the tractor will not do substantially as good work as any other machine of the same size that is intended for a like purpose. Defendant identified at the trial an advertisement showing a cut of the tractor purchased, which contained certain reading matter of a laudatory nature. Also he identified an instruction book which came with the tractor, and says in his brief here, that these exhibits should have been admitted in evidence. We do not find in the record that he offered these in evidence, and he cannot complain. These exhibits were by consent left with us, and we do not see any purpose that either of them could serve.

If defendant can show that the tractor purchased will not do substantially as good work as other tractors of the same size and manufactured for like purpose, then he can defeat recovery on his defense of a breach of warranty to the extent that such failure detracts from the value of the tractor based on the purchase price. Where there is a warranty, and it is breached by the vendor the purchaser may maintain an action against the vendor for the breach, or he may keep the thing sold, if a chattel, and set up against an action for the purchase price, the breach of warranty in diminution or extinction of the price. [A Franck-Phillipson & Co. v. Hanna & Young Handle Co., 200 S. W. (Mo. App.) l. c. 722; 5 Elliott on Contracts, sec. 5110; Branson v. Turner, 77 Mo. 489; El Paso Milling Co. v. Davis, 194 Mo. App. 7, 183 S. W. 361; Eversole v. Hanna, 184 Mo. App. 445, 171 S. W. 25.] This defense, however, is com-

plete only when damages for the breach are equal to the purchase price, of where the article is of no value at all. [See Franck-Philipson & Company v. Hanna & Young Handle Company, supra, and cases there cited.] Eliminating the question of fraud, defendant's case was to show a breach of the warranty in diminution or extinction of the purchase price.

We have not overlooked the fact that defendant for the most part failed to make a showing of what the evidence would have been where the court sustained objections to his questions. In order to properly preserve for review the action of a trial court excluding evidence, the party complaining should usually make an offering so that it will appear what the evidence would be if admitted. [Chicago, R. I. & P. Ry. Co. v. Lydik, 187 S. W. (Mo.) 891; Edwards v. Yarbrough, 201 S. W. (Mo. App.) l. c. 974; Bowman v. Mining Company, 168 Mo. App. 703, 154 S. W. 891; Salts v. Insurence Co., 140 Mo. App. 142, 120 S. W. 714; Louis v. Louis, 134 Mo. App. 566, 114 S. W. 1150.] But where a question propounded clearly indicates that the answer to it would be pertinent and material the matter is open for review where the proper exception is saved whether there is an offering or not. [Ahlfeldt v. Mexico, 129 Mo. App. 193, 108 S. W. 122, and cases there cited.] In McCormick v. City of St. Louis, 166 Mo. l. c. 338-339, 65 S. W. 1038, it is held that the action of the trial court in refusing evidence will be reviewed on appeal only when the bill of exceptions shows what the appellant expected to prove, or unless the question propounded indicates what the answer would be or what was expected. The questions, supra, propounded by defendant in the case at bar not only indicated the materiality of the evidence sought, but for the most part it is clear what answer was expected.

The learned trial court on motion ordered stricken from the record competent, and material evidence and sustained objections to questions indicating the materiality of the evidence sought and in some instances in-

dicating what answer was expected, and gave what practically amounted to a peremptory direction to find for plaintiff for the full amount sued for, when defendant should have been permitted, if he could, to show in what particular his tractor failed to measure up to the warranty, and have that failure, if any, after competent proof of its extent, valued by the jury, and deducted from the purchased price. That is the only issue in the cause, and the instructions should be so confined, except, of course, as to the counterclaim and machinery returned. Plaintiff as we understand is not controverting that defendant should have credit for the machinery returned and for the freight paid.

We do not believe that defendant had a fair trial, and the cause is reversed and remanded. *Sturgis, P. J.,* concurs. *Farrington, J.,* dissents.