### LEWIN, for use, etc., *v.* GREIG, JONES & WOOD.

An acceptance of a bill of exchange is not binding unless made in writing and signed by the acceptor, or by some one whom he lawfully authorizes to do so. Where goods were sold to the payee of a bill of exchange on the faith of a parol acceptance of the same, which was not made as an inducement to or in contemplation of the sale, the acceptor was not liable to the seller in an action on the bill.

Submitted March 1, — Decided April 2, 1902.

Complaint. Before Judge Norwood. City court of Savannah. March 5, 1901.

*O'Connor, O'Byrne & Hartridge*, for plaintiff.
*Denmark, Adams & Freeman*, for defendants.

FISH, J. Lewin brought his action, on a bill of exchange, against Greig, Jones & Wood as acceptors, L. F. Wood as drawer,

and James Dixon as indorser, in which it was sought to hold Greig, Jones & Wood liable on a parol acceptance of the bill. With reference to the parol acceptance the allegations of the petition were as follows: "Par. 6. Petitioner further shows that he was a merchant doing business in the city of Savannah, and that the said Dixon, who is a colored man, and a total stranger, came into his store to purchase certain goods, and exhibited to him the draft in question; that then James Dixon selected the articles he desired to purchase, and before delivering to him the articles, he went to the office of Greig, Jones & Wood in the city of Savannah, to enquire as to whether the draft was good and whether they would accept the draft, and was then and there told that the draft was 'as good as gold,' and they would and did accept it, and it would be paid in a few days, but petitioner shows that they have failed to accept formally and refused to pay same." "Par. 7. Petitioner shows that he relied entirely upon the statement of said Greig, Jones & Wood; . . and it was only upon the faith of their assurance of the payment of the draft that the goods were furnished; . . that the draft was accepted as to payment of petitioner and the goods finally delivered." No defense was made by Wood or Dixon. Greig, Jones & Wood moved to dismiss the petition, upon the ground "that said draft shows on its face that these defendants never accepted the same in writing." This motion the court sustained and dismissed the petition, to which ruling the plaintiff excepted.

Under the Civil Code, § 2693, par. 8, to make an acceptance of a bill of exchange binding, it must be in writing, signed by the party to be charged therewith, or by some person by him lawfully authorized so to do. Counsel for the plaintiff in error contend that the allegations of the petition, as quoted above, take the present case out of this rule and bring it within the exception thereto contained in § 2694, par. 3, which provides that the previous section does not apply "where there has been such part performance of a contract as would render it a fraud of the party refusing to comply, if the court did not compel a performance." The case of *Saulsbury, Respess & Co.* v. *Blandy,* 53 *Ga.* 665, and 60 *Ga.* 646, is cited to support such contention. It was in that case held (60 *Ga.* 646): "Where property was sold and delivered to a third person on the faith of the promise of the defendants to accept his draft on them for the purchase-money, a specific performance of the contract will

be enforced." In that case the complainants, the Blandys, were induced to sell an engine to Wimberly on credit, and to deliver the same to him, by the promise of the defendants, Saulsbury, Respess & Co., to accept Wimberly's draft for the price of the engine; and when complainants had performed their part of the contract made with defendants, by parting with the property, the defendants were forced to specifically comply with their part of such contract. In the case now in hand, the plaintiff sought to recover on a parol acceptance; and while the petition alleged that, before he sold the goods to Dixon, plaintiff made inquiry of Greig, Jones & Wood as to the draft, and they informed him it was good and thereupon accepted it in parol, that he relied entirely upon their statement and it was only upon the faith of their assurance that the draft would be paid that he sold the goods to Dixon, yet there is no intimation in the petition that Greig, Jones & Wood agreed to accept the draft if the plaintiff would sell the goods to Dixon; indeed, it does not appear that they even knew that the plaintiff contemplated making such a sale. This being true, how can the sale and delivery of the goods by the plaintiff to Dixon be such part performance as would render it a fraud on the part of Greig, Jones & Wood not to comply with their parol acceptance. They were not parties to the contract of sale; they knew nothing about such contract between the plaintiff and Dixon; and the fact that the plaintiff complied with his part of the contract that he made with Dixon surely can not be said to be such part performance as would render it a fraud for Greig, Jones & Wood to fail to comply with their separate and distinct contract of parol acceptance of the bill of exchange. Even though the plaintiff, in selling the goods to Dixon, relied entirely upon the parol acceptance of the bill by Greig, Jones & Wood, he was bound, under the law, to know that such an acceptance was absolutely void. The allegations of the petition did not take the case out of the provisions of the code section requiring an acceptance of a bill of exchange to be in writing and signed by the party to be charged therewith, or by some person by him lawfully authorized so to do; consequently there was no error in dismissing the petition upon the demurrer made thereto.

*Judgment affirmed. All the Justices concurring, except Little and Lewis, JJ., absent.*