C. M. GRUENTHER, APPELLEE, V. BANK OF MONROE, APPELLANT.

FILED NOVEMBER 28, 1911. No. 17,030.

1. **Justice of the Peace:** APPEAL: AMENDMENT OF PETITION. In an action instituted before a justice of the peace, plaintiff alleged that, upon the representation of defendant bank that the drawer of a check had money on deposit to pay the check, the check was received, but when presented at the bank payment was refused, the defendant falsely claiming that the drawer had no funds wherewith to pay the same. On appeal to the district court, where the cause was tried upon the original pleadings, plaintiff was allowed to amend by inserting in the bill of particulars that, prior to the presentation of the check, the drawer had left with defendant the sum named in the check for the express purpose of paying it and which sum the bank retained. *Held*, That the amendment did not change the cause of action.

2. **Appeal:** REPLY. "Where the parties to an action enter upon a trial and treat the allegations of new matter alleged in the answer as denied, this court will also treat it so notwithstanding no reply appears in the record." *Loan & Trust Savings Bank v. Stoddard*, 2 Neb. (Unof.) 486.

3. **Pleading.** "Pleading affirmative matters in an answer, which amount to no more than a denial of plaintiff's cause of action, will not necessitate a reply." *Peaks v. Lord*, 42 Neb. 15.

4. **Banks and Banking:** CHECKS: ACCEPTANCE. Where a check is issued upon a deposit in a bank, and the payee notifies the bank of the receipt of the check, and the drawer subsequently withdraws his deposit, but leaves with the bank the exact amount required to pay the check, with instructions to pay it when

presented, and the money is accepted and retained for that purpose, the bank will be liable to the payee of the check without reference to section 9330, Ann. St. 1911, which requires an acceptance of a check to be in writing.

APPEAL from the district court for Platte county: GEORGE H. THOMAS, JUDGE. *Affirmed.*

*A. M. Post* and *M. Whitmoyer,* for appellant.

*Reeder & Lightner, contra.*

REESE, C. J.

This action was commenced before a justice of the peace in Platte county. The cause was appealed to the district court, where judgment was rendered in favor of plaintiff. Defendant appeals.

As the pleadings in the justice court were, by agreement, adopted in the district court, it will be necessary to notice the bill of particulars and answer thereto as filed in the inferior court. It is alleged by plaintiff, in substance, that defendant is a bank incorporated under and by virtue of the laws of this state; that on the 7th day of March, 1910, A. J. Beckwith, a customer of defendant, who had an account with it, made his check thereon for the sum of $129.60; that before the delivery and acceptance by plaintiff of said check plaintiff informed defendant that Beckwith desired him to accept the check, and inquired if the same was good, and was informed by defendant that the check was good and would be paid on presentation, whereupon plaintiff accepted the check, relying on the representations of defendant, paying Beckwith the said sum of $129.60; that afterward, in the regular course of business, the check was presented, payment demanded, and refused by defendant, defendant falsely claiming that Beckwith had no funds in its hands wherewith to pay the same, but that it retained the check; that Beckwith was insolvent, having no property other than his account in said bank,

as defendant well knew, and that Beckwith has since left this state. Judgment was demanded for the $129.60, with interest and costs.

Defendant answered by admitting its corporate character; alleging that no note or memorandum was made by it, or any one authorized so to do, of the prom-. ises alleged in the bill of particulars; that the action was not prosecuted by the real party in interest, but in behalf and for the benefit of said Beckwith. A general denial of all unadmitted allegations of the bill of particulars was made. No other pleadings were filed in the district court.

At the close of the evidence plaintiff was permitted to amend the bill of particulars by inserting therein the averment that, "prior to the presentation of said check to the defendant, said defendant received from said Beckwith the sum of $129.60 for the express purpose of paying his said indebtedness to plaintiff, and still retains said money in its possession notwithstanding said fact." A proper exception was taken by defendant.

It is insisted that this amendment changed the cause of action from that upon which the suit was brought before the court of original jurisdiction. It is true that the facts stated in the bill of particulars in the justice court were that the check was accepted upon defendant's representations that it was good and would be paid on presentation, but, when presented, it was falsely claimed that Beckwith had no funds wherewith to pay the same. This was equivalent to a charge that it had the funds. It may be doubted if the amendment added anything to these averments, but it is clear that the suit during the whole history of the case was for the $129.60 involved in the transaction, and for nothing else, and therefore the "cause of action" was not changed.

It is also insisted that, as it was distinctly alleged in the answer that the suit was not prosecuted in the name of the real party in interest and was not denied by a reply, the allegation must be taken as true, and is a com-

plete defense to the action. We are unable to find that this question was raised upon the trial by objections to evidence or otherwise, but that the case was as fully tried upon all issues permissible as though a reply had been filed. It is the settled law of this state that, if such is the case, no prejudicial error is committed. *Western Horse & Cattle Ins. Co. v. Timm,* 23 Neb. 526; *Missouri P. R. Co. v. Palmer,* 55 Neb. 559; *Loan & Trust Savings Bank v. Stoddard,* 2 Neb. (Unof.) 486; *Minzer v. Willman Mercantile Co.,* 59 Neb. 410; *Gross v. Scheel,* 67 Neb. 223. However, it is doubtful if this averment was anything more in its effect than a denial of that fact would have been, and, if so, no reply was necessary. *Peaks v. Lord,* 42 Neb. 15.

This suit is what has been heretofore designated as an action at law, and is not triable *de novo* in this court, and the finding of the district court upon questions of fact cannot be disturbed unless clearly wrong. If the case turned on the matter of the acceptance of the check, the provisions of section 9330, Ann. St. 1911, that the acceptance of a bill must be in writing in order to bind the drawee, might be applied, and the evidence of such acceptance would be wanting. But under the evidence that is not this case. There was evidence that after the conversation between plaintiff and defendant, which was by telephone, but before the check was presented, the drawer withdrew his deposit from the bank, but directed it to withhold the sum of $129.60 to meet and pay a check for that sum which he had given, and which was done. This would obviate the application of the statute above referred to, as well as other cited sections upon the same or cognate subjects.

The evidence shows that plaintiff was the clerk of the district court; that Beckwith had been convicted of a misdemeanor, the fine and costs amounting to $129.60. He was taken into custody and brought to the office of the clerk, when he inquired as to the amount of money it would take to pay what was charged against him. On

being informed that it was $129.60, he proposed giving his check on the defendant bank, located at Monroe, in that county, when plaintiff called the bank by telephone and made the inquiry above mentioned, and was informed that Beckwith had funds on deposit to protect the check, and plaintiff stated that he would accept the check, which was agreed to by the bank. Plaintiff accepted the check and receipted the judgment, and, when the money was withdrawn, Beckwith left $129.60 to pay an outstanding check. After the withdrawal of the money the bank officers re-examined the account, there being two—one known as the "sale account," the other as his check account; that the check account had been overdrawn, which was not observed at the time of the payment of the money to Beckwith. In the meantime Beckwith started to leave the state. The president of the bank followed him to Columbus and received from him the sum of $80, which with the $129.60 a little more than paid the overdraft. Beckwith immediately left the state, leaving no property.

It is insisted that plaintiff was not a holder of the check in question for value, having parted with nothing in exchange therefor. This contention is based upon the claim that the judgment against Beckwith was not satisfied of record and could yet be enforced. The evidence shows without contradiction that, after having received the response from defendant that there was money on deposit with which the check could be paid, plaintiff accepted the check, gave Beckwith a receipt in full for the amount of the fine and costs, and noted the receipt on the criminal docket. Beckwith immediately left the jurisdiction of the court and of the state. We are impressed with the belief that it would be quite difficult for plaintiff to avoid having to report the $129.60 as collected and account for it. In that event the contention would have to fail. The receipt to Beckwith and the entry on the record would be against plaintiff. But as Beckwith left the money in the hands of defendant to pay the particular

check, the bank knowing beforehand that it was out, we are at loss to see how defendant can maintain that contention.   The money left with defendant was devoted to that specific purpose, so accepted and held.   The bank had a plain duty to perform, which was to pay it over.

We find no prejudicial error in the finding and judgment of the district court.   The judgment is therefore

AFFIRMED.

ROOT, J., dissenting.

For the following reasons, I cannot concur in the majority opinion : The plaintiff testifies that before accepting the check he talked over the telephone with the defendant's cashier, a Mr. Hill, and told him that Beckwith was about to give a check on the defendant, and asked if it was good, to which Hill, after an interval, responded that Beckwith had sufficient credit to protect the check, and that Hill, in response to the plaintiff's statement that he would take the check, responded, "All right," or something to that effect.   This conversation was plainly insufficient to create any liability on the part of the defendant to the plaintiff.   "A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder unless and until it accepts or certifies the check."   Comp. St. 1911, ch. 41, sec. 188. "The acceptance of a bill is the signification by the drawee of his assent to the order of the drawer.   The acceptance must be in writing and signed by the drawee," etc. Chapter 41, *supra,* sec. 131.   "An unconditional promise in writing to accept a bill before it is drawn is deemed an actual acceptance in favor of every person who, upon the faith thereof, receives the bill for value."   Chapter 41, *supra,* sec. 134.   "A check is a bill of exchange drawn on a bank payable on demand.   Except as herein otherwise provided, the provisions of this chapter applicable to a bill of exchange payable on demand apply to a check."

Chapter 41, *supra*, sec. 184. If the statute controls the legal status of the parties to this case, a recovery in the plaintiff's favor cannot be sustained. *Van Buskirk v. State Bank*, 35 Colo. 142, 117 Am. St. Rep. 182; *Lewin v. Greig, Jones & Wood*, 115 Ga. 127; *Erickson v. Inman*, 34 Or. 44; *Baltimore & O. R. Co. v. First Nat. Bank*, 102 Va. 753; *National Bank v. Berrall*, 70 N. J. Law, 757; *Tibby Bros. Glass Co. v. Farmers & Mechanics Bank*, 220 Pa. St. 1; *Pease & Dwyer v. State Nat. Bank*, 114 Tenn. 693.

The majority opinion refuses to apply the statute for the alleged reason "that after the conversation between plaintiff and defendant, which was by telephone, but before the check was presented, the drawer withdrew his deposit from the bank, but directed it to withhold the sum of $129.60 to meet and pay a check for that sum which he had given, and which was done." The fact is that the defendant did not withhold $129.60 or any other sum.

The evidence is uncontradicted that shortly before the check was drawn Beckwith sold his personal property at a public sale at which the defendant's cashier acted as clerk. The proceeds of the sale were deposited in the bank, and as a matter of convenience were credited under the designation of a sale account. At the same time Beckwith carried another account, which was overdrawn, in the defendant's bank. Beckwith had no special deposit nor a deposit for a special purpose, so the defendant was his debtor for the net credit in his favor after deducting the overdraft in the one account from the credit in the other. 1 Morse, Banks and Banking (4th ed.) sec. 327; *Pedder v. Preston*, 9 Jur. (Eng.) n. s. 496, 10 Weekly Rep. (Eng.) 773. Hill, the cashier, with whom the plaintiff talked over the telephone, was absent at the time Beckwith stated to Mr. Webster, the officer of the defendant in charge of the bank, that he wanted to withdraw his balance, less $129.60, the amount of a check outstanding which he desired paid. Mr. Webster inspected the

Gruenther v. Bank of Monroe.

sales account, but did not know of and did not inspect the other account, and stated to Beckwith the amount of the sales account less $129.60. Beckwith drew his check for that balance, and, when it was paid, received more than the amount of his net credit with the defendant. Mr. Webster testifies that Beckwith said that the check had been given in part payment of the purchase price of a tract of land, but the plaintiff testifies that Mr. Webster admitted to him that Beckwith said the check had been given to the plaintiff. It is immaterial which statement is the more accurate. Mr. Webster did not promise that the bank would pay the $129.60; no credit was given the plaintiff or any other person by the defendant for that sum; the defendant received nothing from Beckwith as the result of the transaction; the outstanding check was an ordinary check not payable out of any particular fund, and the bank was guilty of no fraud.

If it be conceded that the transaction amounted to an assignment of $129.60 of Beckwith's credit with the bank to the plaintiff, and upon no other ground can the majority opinion be upheld, it should be remembered that, unless the plaintiff thereafter in reliance thereon so acted that the defendant should be estopped to deny the scope of that assignment, the assignee will stand in the shoes of the assignor, and can exact from the defendant no more than Beckwith could have demanded had the assignment not been made. 2 Story, Equity Jurisprudence (13th ed.) sec. 1047. No one will presume to say that the defendant by its mistake became liable to Beckwith for the $129.60, and it seems reasonable to say that the plaintiff in the circumstances of this case should not be permitted to recover if Beckwith could not. Beckwith's conversation with the defendant's officer, that individual's examination of Beckwith's account, the computation made and announced, and the drawing and payment of the check for the supposed balance, were all parts of the same transaction, which should be considered together in the light of the facts, and when this is done it

will be understood that the defendant did not owe Beckwith and nothing was transferred to the plaintiff.

This inquiry does not involve any question of negligence. The bank was not the plaintiff's agent or trustee. There was no privity between them, and it owed him no duty not to make a mistake in ascertaining Beckwith's balance. The plaintiff did not rely on that computation because he did not know of the transaction until the trial of this case, at which time he amended his petition as stated in the majority opinion.

It seems to me there is nothing in the facts of this case to deprive the defendant of the protection of the statute quoted, *supra*, and that the majority are insensibly controlled by the former decisions of this court with respect to the rights of a check-holder.

The judgment of the district court should be reversed and the action dismissed.

BARNES and ROSE, JJ., concur in this dissenting opinion.