### 16017. BEASLEY v. HOWARD.

BELL, J. 1. The bill of exceptions is not subject to dismissal merely because it fails to specify all of the material parts of the record. *Atlanta Suburban Land Corp.* v. *Austin*, 122 *Ga.* 374 (1), 377 (50 S. E. 124). See *Mason* v. *Terrell*, 3 *Ga. App.* 348 (5), 355 (60 S. E. 4).

2. While an acceptance of a bill of exchange, as well as a promise to answer for the debt of another, must, in order to be enforceable under the statute of frauds, be in writing and signed by the party to be charged therewith (Civil Code of 1910, § 3222, subsections 2, 8), yet in a suit upon a contract to which the statute of frauds is applicable the petition is not subject to demurrer merely because of a failure to state whether the contract was in writing. In the absence of anything to the contrary, the presumption is that the statute was complied with. *Kiser Company* v. *Padrick*, 30 *Ga. App.* 642 (1) (118 S. E. 791), and cases cited.

3. Where, however, in such a case, it appears from the evidence upon the trial that the acceptance or promise was not in writing, and the statute has been duly invoked, a verdict for the plaintiff will be unauthorized. *Bentley* v. *Johns*, 19 *Ga. App.* 657 (2) (91 S. E. 999).

4. The present case was not brought within any exception to the statute by proof that upon the defendant's making the oral acceptance or promise the plaintiff left the draft in his custody, or by evidence in support of an amendment to the petition to the effect that, because of the acceptance or promise, the plaintiff "abandoned valuable rights, to wit, the right to sue the drawer and to attach the shingles, for the purchase-money of which said draft was given; and as a result thereof said shingles were put out of reach of plaintiff by defendant and the drawer has left the State, which she had to enforce the payment of said sum against the drawer; and further that defendant authorized the drawer to make said particular draft, promising to accept and pay same." *Lewin* v. *Greig*, 115 *Ga.* 127 (41 S. E. 497).

5. Applying the above rulings, the court erred in overruling the defendant's motion for a new trial, whether the transaction relied upon be considered as an acceptance of a bill of exchange or as a promise to answer for the debt of another.

6. In the above view, it is unnecessary to determine whether the copy of the draft annexed to the petition was fatally at variance with the writing introduced in evidence as such upon the trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 19, 1925.

Complaint; from city court of Reidsville—Judge Cowart. September 22, 1924.

*H. C. Beasley,* for plaintiff in error.

*E. C. Collins, R. W. Barnes,* contra.