No. 26,636.

Joshua Rowland, *Appellee,* v. The First State Bank of Cedar Bluffs, *Appellant.*

SYLLABUS BY THE COURT.

1. Escrows—*Unauthorized Delivery—Liability of Depositaries.* Where a depository violates an escrow agreement as to the delivery of a deed, it is liable for the damages which resulted from the violation.

2. Same—*Check as Deposit—Intention as Controlling.* A check given by the buyer of land in favor of the seller as part of the consideration, placed in escrow with the deed under an agreement that the depositary would pay the amount represented by the check to the seller before the delivery of the deed, is governed by the conditions of the agreement rather than by the provisions of the negotiable instruments act, and the fact that there was no written acceptance of the check does not preclude a recovery against the depositary for the violation of its duty in delivering the deed without payment being made to the seller.

3. Same—*Terms and Conditions—Sufficiency of Evidence.* The testimony examined and held to be sufficient to sustain the claim of plaintiff and finding of the jury as to the terms and conditions of the escrow agreement.

Appeal from Decatur district court; Willard Simmons, judge. Opinion filed May 8, 1926. Affirmed.

*W. S. Langmade* and *V. D. Woodward,* both of Oberlin, for the appellant.

*Fred J. Peters,* of Oberlin, *F. M. Colfer,* of McCook, Neb., and *Edward J. Lambe,* of Beaver City, Neb., for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: This is an appeal from a judgment for $500 rendered against the First State Bank of Cedar Bluffs in favor of Joshua Rowland, which had been an amount alleged to have been placed in escrow with the bank in the form of a check, and which it

Banks and Banking, 7 C. J. p. 660 n. 36; L. R. A. 1917E, 907; 10 R. C. L. 634. Escrows, 21 C. J. pp. 879 n. 53, 884 n. 12, 895 n. 54. Trial, 38 Cyc. p. 1543 n. 67.

is alleged the bank failed to pay to Rowland in accordance with the terms and conditions of the escrow agreement. The controversy arose out of a sale of a farm of 440 acres by Rowland to Dick Pfister, for the sum of $11,000, $2,000 of which amount was to be paid in cash. On the farm there was a first mortgage to a party in Kansas City of $4,500, and the bank had a second mortgage on it for an indebtedness of Rowland to the bank of $5,600. The arrangement was that these mortgages were to be assumed by Pfister, and Rowland was to be released therefrom and the balance due paid to Rowland. The papers were written by R. H. Craig, the cashier of the bank. A deed conveying the property was executed by Rowland and wife in which the name of the grantee was not inserted. Instead of closing the transaction at that time, it was suggested that the deed be not delivered until an abstract of title had been furnished and approved; and it was agreed that the contract and deed should be placed in escrow in the bank until the abstract was completed, and the deal was to be closed and deliveries made on or before August 1, 1921. It was a part of the agreement that $500 of the consideration should be held in escrow by the bank until the abstract was approved. As an evidence of this a check was made by Pfister in favor of Rowland for $500. This, too, was placed in the custody of the bank with the other papers. The abstract was furnished and approved, and when Rowland applied to the bank for payment of the $500, represented by the check, the bank refused payment, stating that Pfister did not have sufficient funds in the bank to pay the check.

The defendant contends that there is but one question in the case, and that is, Does the evidence show that the check was accepted by the defendant? It is insisted that the petition counts upon the liability of defendant upon an accepted check, and that upon the evidence there was no acceptance in writing by the drawee under the negotiable instruments act.

The plaintiff contends that the petition based liability on the agreement of the defendant to hold the $500 and to pay it to the plaintiff when the abstract was approved, and that in reliance upon the bank's promise to pay the $500 plaintiff executed the deed and placed it in escrow. The bank in its answer pleads that the deed was to be held by it as security for the payment of the balance of Rowland's indebtedness, together with $900 that was due to it from Pfister. It seems to be admitted that on August 4, 1921, there was a.

Rowland v. First State Bank.

sufficient amount in Pfister's account in the bank to pay the check, but it is insisted that there was no acceptance of the check by the bank or a promise to pay it.

The petition fairly interpreted counts on the agreement that the contract, deed and money represented by the check were to be placed in escrow with the bank, and that the money was to be paid when the abstract was approved and before the deed was delivered. The action was tried not upon an accepted check but upon the whole transaction, including the violation of the escrow agreement. The abstract was approved within the specified time and the deed was delivered by the depositary without the payment of the money. The bank defended on the ground that the check had not been accepted, and that Pfister had no money on deposit in the bank from which it could be paid. Defendant insists that the check is to be treated as a bill of exchange, governed strictly by the negotiable instruments act, and that not having been accepted in writing, and there being no money in the bank to the credit of Pfister, the bank was under no obligation to the plaintiff. There would be ground for this contention if it were a mere order to pay money on demand out of the funds of the drawer. However, where the check is drawn and deposited under a special agreement, the agreement governs rather than the general rules of commercial paper. The duties and obligations of the bank acting as a depositary are to be determined by the escrow agreement. It assumed to act as a depositary, and if it agreed that the check deposited with the deed would be paid before the delivery of the deed it was under obligation to pay the money before surrendering the deed. An outside agreement relating to the payment of the check was permissible and controlling. (*Ballard v. Bank,* 91 Kan. 91, 136 Pac. 935; *Fourth Street Bank v. Yardly,* 165 U. S. 634; *Peoples National Bank v. Swift,* 134 Tenn. 175; *Gruenther v. Bank of Monroe,* 90 Neb. 280; *Dolph v. Cross,* 153 Ia. 289.) Defendant was absolutely bound by the condition under which the deposit was made, and if there was a violation of the escrow agreement the plaintiff is entitled to the damages sustained by reason of its violation. The testimony of the plaintiff is to the effect that the bank or its cashier promised that when the abstracts were approved the $500 of the consideration for the deed, which was withheld, would be paid.

There is a conflict in the evidence as to the terms of the agreement, but as the finding is in favor of plaintiff we must accept the

evidence most favorable to him. According to that testimony defendant ignored the agreement and delivered the deed, first inserting the name of its own president as grantee and then refused to pay plaintiff, although it is admitted that Pfister had sufficient deposit in the bank to meet the demand. It is said that Pfister owed the bank $900, and that there was an agreement that the deed should be held as security for its payment, and that payment had not been made. In view of the terms of the escrow agreement, as found in the trial court, the depositary had no right to divert any part of this fund to its own use or to meet the obligations of Pfister. In *Ballard v. Bank,* supra, a quotation is made from a note in 30 L. R. A., n. s., 517, that:

"All the authorities are agreed upon the rule of law declared in the above case that a bank which accepts a deposit of money made by a depositary for a special purpose under an agreement that it will pay the amount when needed for that purpose, cannot rightfully appropriate such deposit to discharge the depositor's indebtedness to it." (p. 94.)

Accepting, as we must, the testimony of plaintiff as to the agreement, it is clear that the defendant violated its duty as a depositary, and that liability attached to it in delivering the deed without requiring the payment of the money represented by the check. This is the necessary result without regard to whether or not it was done for a fraudulent purpose. The holding made sufficiently answers the objections to the admission of evidence, the overruling of the demurrer to plaintiff's evidence and the instructions of the court.

The judgment is affirmed.