## CHARLES P. JOY AND ANOTHER v. PALMER GRASSE AND ANOTHER.[1]

December 31, 1927.

No. 26,365.

**Estoppel against bank's applying special deposit with it to payment of depositor's note.**

1. Where a bank accepts a deposit from its customer under an agreement that it is for the purpose of creating a fund to meet the payment of a check to be issued subsequently to the making of such agreement, by the customer upon the bank, the bank is estopped from asserting, to the prejudice of the payee, that it had applied such funds to the payment of a demand note which it held against the customer.

**When check operates as assignment of funds on deposit in bank.**

2. Under the provisions of G. S. 1923, § 7232, a check, of itself, does not operate as an assignment of the funds in the bank to the credit of the drawer, yet a check, together with the surrounding circumstances, may amount to an assignment of such fund.

[1]Reported in 217 N. W. 365.

**Plaintiffs entitled to recover from defendant bank.**

3. As against the bank, the check given by the customer became effective when the deposit was made, and the plaintiffs were entitled to recover the amount thereof against the bank.

Assignments, 5 C. J. p. 919 n. 60.
Banks and Banking, 7 C. J. p. 660 n. 36; p. 698 n. 45.

Defendant Faribault State Bank appealed from a judgment of the district court for Ramsey county, Bechhoefer, J. in favor of plaintiffs. Affirmed.

*Smith & Coughlin,* for appellant.
*Doherty, Rumble, Bunn & Butler,* for respondents.

QUINN, J.

Action to recover from the defendant bank upon a deposit made therein by the defendant Grasse for the specific purpose of providing a fund to meet a check for $2,250.63 issued by Grasse to plaintiffs for an automobile purchased from them by him. The cause was tried to the court. Findings of fact and order for judgment were made in favor of plaintiffs, upon which judgment was entered. From such judgment the defendant bank appealed.

During the times herein referred to plaintiffs were engaged in handling Packard automobiles at St. Paul. The defendant bank was conducting a general banking business at Faribault. Grasse was engaged in the purchase and sale of Packard automobiles at Faribault. For upwards of seven years he had maintained a deposit and checking account with the bank. It was and had been his general practice, known to all of the parties to this action, to obtain an order from a customer for an automobile and then to purchase a Packard from plaintiffs, giving his check therefor, drawn on the bank, with which to fill such order; then to collect for the sale and deposit the amount in the bank to meet his check given to plaintiffs.

Grasse was called by plaintiffs for cross-examination under the statute. After relating the events leading up to the conversation with Mr. Larson, president of the bank, he testified to what he

claimed was the substance of the conversation over the phone, in effect as follows: That on Saturday, November 27, at about 3:30 o'clock in the afternoon, after completing arrangements for the sale of a car to Kitzman Brothers, he called up Mr. Larson and asked him when his check, given that day to Joy Brothers, would get back from the cities; that he was purchasing a car for Kitzman Brothers from Joy Brothers who would not receive his check until six o'clock that evening; that he also explained to Mr. Larson that Kitzmans wanted to use the car for Sunday but that they could not give their check for the car until Monday or Tuesday; that when he received their check he would make a deposit of the same at once, the first thing Monday afternoon or Tuesday morning; that Mr. Larson then told him that the check would not get back until Tuesday; that he then said to Mr. Larson, "That is all right, I will go up and get the car and I will bring my [the Kitzman] check in just as soon as I receive it," and that Mr. Larson said to him that would be all right.

Mr. Larson testified as a witness on behalf of the defendants. He denied that anything was said in the conversation over the phone about Joy Brothers or about Kitzman Brothers or about their check or its intended deposit. There was other testimony pro and con bearing upon the substance of the conversation had between Mr. Grasse and Mr. Larson.

The court found that the conversation was in substance as related by the witness Grasse, and that Grasse, in reliance upon such arrangement with the bank, went to St. Paul, purchased a Packard car from plaintiffs, giving his check therefor on the bank for $2,250.63, which plaintiffs accepted in reliance upon the representations of Grasse as to his arrangement with the defendant bank; that Grasse received the car so purchased and delivered the same on that day to Kitzman Brothers and, on the following Monday, received their check therefor in the sum of $2,364.13 drawn on another bank in Faribault; that on the following morning, November 30, Grasse deposited such check with the defendant bank; that the bank immediately obtained payment upon the check from the bank upon which it was drawn and applied the proceeds thereof to the payment of Grasse's overdraft of $30.15 and upon a demand note

for $6,000 which the bank held against Grasse; that Grasse was insolvent; that subsequent to the deposit of Kitzman Brothers' check but during the same day, the check given to Joy Brothers was presented to the defendant bank and payment refused; that thereafter Grasse assigned $2,250.63 of the amount so deposited to the plaintiffs by a written assignment. This was presented to the bank and payment thereon demanded, which was refused.

We are of the opinion that the court was warranted, under the proofs, in finding, as it did, that the deposit in the bank, of the Kitzman Brothers' check, was made pursuant to the conversation between Mr. Grasse and the president of the bank for the purpose of creating a fund therein to meet the check given to Joy Brothers, and that the bank received such deposit for such purpose, to the amount of the Joy Brothers' check, and that the bank had no right to apply the same to any other purpose.

Under the provisions of G. S. 1923, § 7232, a check, of itself, does not operate as an assignment of funds in the bank to the credit of the drawer, yet, notwithstanding such provisions, the giving of a check together with the surrounding circumstances may amount to an assignment of such fund. Ballard v. Home Nat. Bank, 91 Kan. 91, 136 P. 935; Peoples Nat. Bank v. Swift, 134 Tenn. 175, 183 S. W. 725; Fourth Street Bank v. Yardley, 165 U. S. 634, 17 S. Ct. 439, 41 L. ed. 855; Hove v. Stanhope State Bank, 138 Iowa, 39, 115 N. W. 476; Gruenther v. Bank of Monroe, 90 Neb. 280, 133 N. W. 402.

As against the bank, the check given to Joy Brothers became effective when the deposit was made, and the bank was without authority to divert the same by applying it in payment of the demand note which it held against Grasse. In other words, where a bank through its president agrees with a customer, who is indebted to it on a demand note, that if he purchases an automobile to sell in his business to a prospective buyer and issues his check on the bank therefor the check will be paid, provided that by the time such check is presented the drawer shall have deposited the proceeds of the sale with the bank, and in pursuance of such agreement the customer issues his check for the automobile which he sells and deposits the proceeds of the sale with the bank, the holder of such check is en-

titled to recover the amount thereof from the bank, notwithstanding nothing was said at the time of the deposit about the application of the funds so deposited.

Affirmed.