## WOMACK v. DURRETT et al. (No. 652.)

Court of Civil Appeals of Texas. Eastland. Jan. 10, 1930.

Rehearing Denied Feb. 21, 1930.

A. J. Smith, of Anson, for appellant.

Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, for appellees.

HICKMAN, C. J. Appellant, as plaintiff, recovered judgment below against M. F. Durrett on two drafts drawn by the former against the latter through the Abilene State Bank. He also sought judgment against the bank on the drafts, but recovery was denied him, and from that portion of the judgment this appeal has been prosecuted. Durrett did not appeal. Two propositions are presented in the brief. The first is: "A verbal acceptance by a bank of a draft is binding upon the bank."

■ This is not a correct proposition of law. By the express provisions of the Negotiable Instruments Act, article 5941, § 132, Revised Civil Statutes 1925, an acceptance of a bill of exchange must be in writing and signed by the drawee. See also First National Bank of Hughes Springs v. Sanford (Tex. Civ. App.) 228 S. W. 650; First National Bank of Winnsboro v. First National Bank of Quitman (Tex. Com. App.) 299 S. W. 856; and Huffman v. Farmers' National Bank (Tex. Civ. App.) 10 S.W.(2d) 753. The cases cited by appellant were decided prior to the enactment of the Negotiable Instruments Act and at a time when there was no statutory provision requiring an acceptance to be in writing. Proposition No. 1 is overruled.

The second proposition is as follows: "When a bill of exchange becomes due, according to its terms and stipulations, and is forwarded by the receivers bank to the payee bank *for payment*, and the payee bank receives the same and holds it more than 24 hours without returning the same or non acceptance, the payee bank then will be deemed to have accepted the same." (Italics ours.)

■ This is not a correct proposition of law. Section 137 of the article above cited provides, in substance, that, where a drawee to whom a bill is delivered for acceptance refuses within 24 hours after such delivery to return same accepted or nonaccepted to the holder, he will be deemed to have accepted the same. But the drafts in the instant case were not delivered to the bank for acceptance. They were delivered for collection or payment. In order for this provision of the statute to be applicable, the instruments must have been presented for acceptance. There is a difference between presenting an instrument for payment and presenting it for acceptance. First National Bank of Goree v. Tally, 115 Tex. 591, 285 S. W. 612; First National Bank of Winnsboro v. First National Bank of Quitman, supra. Proposition No. 2 is overruled.

In deference to the contentions urged by appellee, we think it proper to state that, even if the above propositions of law were correct, they would have no application to the facts of this case. The drafts were not drawn upon the bank. The drawee was Durrett and the drawer Womack. The bank was only the collecting agency, and the conversation relied on as an acceptance was in the nature of a conditional oral guaranty on the part of the cashier of the bank that the drawee Durrett would pay the drafts, which condition was not met by appellant. Other rules of law would prevent recovery against the bank under these facts.

The judgment of the trial court will be affirmed.