24993.  CITY OF ATLANTA v. HARRIS.

DECIDED OCTOBER 28, 1935.

*J. C. Savage, C. S. Winn, Bond Almand,* for plaintiff in error.
*G. Seals Aiken,* contra.

SUTTON, J.  The plaintiff tripped on a wire of the Georgia Power Company, fell, and was injured.  The wire extended down into a public sidewalk in the City of Atlanta and was firmly attached, projecting about a foot out of the sidewalk and being bent over a few inches above it.  Plaintiff notified the City of her accident and injury by filing a written claim.  She originally claimed damages of the City and of the power company as joint tort-feasors, and instituted her suit against both defendants.  Thereafter, she amended her petition by striking the Georgia Power Company, as a defendant, and then proceeded against the City of Atlanta alone. The City demurred generally to plaintiff's petition, as thus amended, on various grounds, which will be dealt with in the syllabus opinion following this summary of the proceedings in this case.  The judge overruled the demurrer on each ground thereof, and the city excepted.

1.  The defendant in error moved to dismiss the writ of error. This motion will be disposed of first.  Where the defendant in the trial court interposes demurrers to the petition, which if sustained would result in a dismissal of the case and its final termination in favor of defendant, but which the trial judge overrules, the defend-

ant may except either pendente lite and proceed with the trial of the case, or he may except directly and sue out a writ of error to the appellate court, obtaining the necessary supersedeas if he desires to preserve the status pending the disposition of his case in the appellate court. A bill of exceptions assigning error on a judgment overruling a general demurrer to the petition is not subject to dismissal in the appellate court as being prematurely sued out and as not excepting to a final judgment, for the reason that the case is not finally disposed of but is still pending below. Code of 1933, § 6-701; *Ramey* v. *O'Byrne,* 121 *Ga.* 516 (3) (49 S. E. 595); *Newton* v. *Roberts,* 163 *Ga.* 135 (135 S. E. 505); *Ray* v. *Hicks,* 146 *Ga.* 685 (92 S. E. 48); *Durrence* v. *Waters,* 140 *Ga.* 762 (79 S. E. 841); *City Council of Augusta* v. *Lombard,* 86 *Ga.* 165 (12 S. E. 212); *Bivins* v. *Tucker,* 41 *Ga. App.* 771, 773 (154 S. E. 820).

(*a*) A motion to dismiss is not the proper remedy to compel compliance with the provisions of the Code, § 6-801, that the bill of exceptions shall specify such portions of the record as are material and necessary to a clear understanding of the errors complained of. *Holmes* v. *Pope,* 1 *Ga. App.* 338 (58 S. E. 281); *Southern Mining Co.* v. *Brown,* 107 *Ga.* 264 (33 S. E. 73); *Atlanta Suburban Land Corp.* v. *Austin,* 122 *Ga.* 374 (50 S. E. 124); *Beasley* v. *Howard,* 34 *Ga. App.* 102 (128 S. E. 203); *City of East Point* v. *Christian,* 40 *Ga. App.* 633 (151 S. E. 42).

(*b*) It follows that the motion to dismiss the writ of error is without merit, and must be denied.

2. When two or more persons are sued in the same action either on a contract or for a tort, the plaintiff may amend his petition by striking one or more of such defendants and proceed against the remaining defendant or defendants, if there be no other legal difficulty in the case. Code of 1933, § 81-1306. Joint tort-feasors may be sued jointly or severally. Persons guilty of separate acts of negligence which jointly and concurrently co-operate in causing an injury, are joint tort-feasors and may be sued as such. *Akin* v. *Brantley,* 26 *Ga. App.* 326 (106 S. E. 214); *Mashburn* v. *Dannenburg Co.,* 117 *Ga.* 567 (44 S. E. 97). Plaintiff may sue one or all of such joint tort-feasors; and where she sues all, she may dismiss as to one defendant without affecting her rights as to the other defendant. *Wall* v. *Wall,* 176 *Ga.* 757, 759 et seq. (168 S. E. 893).

3. The notice given by the plaintiff to the City in this case was sufficient. *City of Rome* v. *Slone,* 46 *Ga. App.* 259. It is true that the petition on which the plaintiff seeks recovery against the City must be based on the claimed negligent transaction as set out in the notice given to the City, and plaintiff can not proceed against the City upon acts of negligence different from those set out in the notice of claim filed with such City. *Harrison* v. *Atlanta,* 26 *Ga. App.* 727 (107 S. E. 83); *Marks* v. *Rome,* 145 *Ga.* 399 (89 S. E. 324); *Maryon* v. *Atlanta,* 149 *Ga.* 35 (99 S. E. 116). The notice in this case described the general character of plaintiff's grievance against the City, and in a general way apprised the City of the time, place and extent of her injuries. The fact that the notice stated that the wire was placed on the sidewalk by the power company, and knowingly allowed to remain there an unreasonable time by the City, and plaintiff originally sued the City and the power company, and amended her petition by proceeding against the City alone, predicating her case principally against the City for negligently allowing the wire to remain on the sidewalk for an unreasonable length of time, does not constitute a fatal variance between the notice and the amended petition.

4. The petition set out a cause of action for submission to a jury as to whether or not the City was negligent. See *Holliday* v. *Athens,* 10 *Ga. App.* 709; *City of Rome* v. *Stone,* supra. Plaintiff alleges that the City was negligent in allowing the wire to remain on the sidewalk and that the same constituted an obstruction of the sidewalk and rendered it unsafe for pedestrian travel.

5. The trial judge properly overruled the general demurrer of the City on each and every ground thereof.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*