## 1364. SMITH *v.* CITY OF ELBERTON.

HILL, C. J. 1. A substantial compliance with the act of December 20, 1899, providing that before suit is brought to recover damages against a municipal corporation, notice of the time, place, and extent of the injuries to person or property claimed to have been inflicted by the corporation, and the amount of the damages claimed, shall be given to its officers, is all that is required. This act does not contemplate that the notice shall be drawn with the technical nicety necessary in pleading.

2. Where the original petition alleges that the notice required by this act was given to the officers of the defendant corporation before suit was brought, and a copy of the notice so given is attached to the petition, as an exhibit, and appears to be in substantial compliance with the act in question, an amendment to the petition, specifically setting out the legal measure of the damages claimed in the suit, presents no material variance between the notice and the claim for damages previously given to the officers of the municipal corporation and the claim for damages as set out in the amended petition. *Langley* v. *Augusta,* 118 *Ga.* 590 (45 S. E. 486, 98 Am. St. R. 133).

3. The petition as amended was good against a general demurrer.

*Judgment reversed.*

Action for damages, from city court of Elberton—Judge Proffitt. August 11, 1908.

Submitted November 12,—Decided December 8, 1908.

W. C. Smith sued the City of Elberton for damages; a general demurrer to the petition as amended was sustained, and the plaintiff excepted. The petition alleges, in substance, that the plaintiff is, and at the times herein mentioned was, the owner of a lot of land on the west side of McIntosh street in the city of Elberton, on which is a frame dwelling-house occupied by his tenants; that during July, August, and September of the year 1907, the defendant, through its officers, agents, servants, and employees, graded said street for some distance on either side of said house, and, in the grading of the street as aforesaid, the said servants and employees dug down, cut away, and excavated an incline in said street to the north of said dwelling, and, with the earth so excavated, raised said street immediately in front of said residence, whereby it became necessary likewise to fill in and raise said lot; that the defendant's acts herein complained of were a direct invasion of the plaintiff's property rights, and a damaging of his said property within the meaning of the constitution of the State; that by reason of said conduct his private property was in-

.jured as before set out; and that more than thirty days prior to the filing of this suit, he presented, for adjustment, his claim, for damages growing out of the acts herein complained of, to the governing authority of said city, in conformity with an act of 'the General Assembly of the State, approved December 20, 1899, which claim the said city refused to pay. Damages are laid in the sum of $276.92. Attached to the petition is an exhibit as follows:

"State of Georgia, County of Elbert. To the City Council of The City of Elberton, Georgia: W. C. Smith, through his attorney at law, files this his claim for damages against The City of Elberton, Georgia, for injury and damage done by said city, its agents, servants, and employees, during the months of July, August, and September of the year 1907, to a certain house and lot of the said W. C. Smith, situate on' the west side of McIntosh street in said city of Elberton, by reason of the grading of said street. Claimant shows that in consequence of the raising of his yard and lot it became and was necessary to raise the house located on the aforesaid lot, replaster the same, build, lengthen, and extend the pillars and chimneys thereof, and do other necessary work to the amount of $276.92, as is made more fully to appear from the itemized bill of particulars hereunto annexed. Wherefore, pursuant to an act of the General Assembly of Georgia, approved December 20, 1899, claimant presents this his claim to the governing authority of said city for adjustment. W. D. Tutt, attorney at law for W. C. Smith." The annexed bill of particulars contains various items, specifying amounts of money for "raising house," "brick work," "plastering," etc., the whole amounting to $276.92.

By amendment, allowed without objection, the following paragraphs were added to the petition: "Petitioner would show that by reason of the acts hereinbefore complained of, his property has been injured and damaged; that ingress to and egress from the rear of his said lot has been rendered more difficult; that the front of petitioner's said lot is three feet higher than the rear; that petitioner will be forced at great expense to build a wall across his said lot three feet high, in order to keep the higher elevation of said lot from caving and washing away." "That just before the changing of the grade of said street in the manner herein complained of, petitioner's said house and lot was worth on the

market the sum of $2,000, but that, by reason of such change in the grade of said street, petitioner's said property decreased in market value in the full sum of $276.92, for which said sum petitioner asks judgment."

*W. D. Tutt,* for plaintiff.     *Sam. L. Olive,* for defendant.