2076.   KENNEDY *v.* MAYOR AND ALDERMEN OF SAVANNAH.

RUSSELL, J.   1. Only such substantial compliance with the provisions of the act of 1899 (Acts 1899, p. 74), requiring notice to be given to municipal corporations of claims for damages against them, is necessary as will enable the municipality to fully investigate the claim and to determine whether it prefers to adjust the claim without suit or to contest its validity in the courts.

2. The requirement that the notice shall state the negligence which caused the damage was sufficiently complied with in this case, and it was error to nonsuit the plaintiff upon the ground that the statement of the cause of the injury was not sufficiently specific.   One who claims damages against a municipality is not required to do more than state definitely and specifically all the facts upon which he bases his claim.   The form of the notice is not amenable to the strict rules of pleadings; it is intended only to state such facts as will enable the municipality to promptly investigate for itself the merits of the claim.   See *Smith* v. *Elberton*, 5 *Ga. App.* 286; *Langley* v. *Augusta*, 118 *Ga.* 590(11), (45 S. E. 486).   *Judgment reversed.*

DECIDED JULY 25, 1910.

Action for damages; from city court of Savannah—Judge Freeman.   July 27, 1909.

R. F. Kennedy sued the Mayor and Aldermen of the City of Savannah for damages on account of personal injuries.   The suit was filed on April 19, 1909.   On the trial the court excluded from evidence a written notice of the plaintiff's claim for damages, served on the defendant corporation on March 1, 1909, which was offered as evidence by the plaintiff, the defendant objecting to its introduction, on the ground that the notice was not a compliance with the act of the General Assembly approved December 20, 1899, as to notice of claims for damages against municipalities (Acts 1899, p. 74); and at the conclusion of the evidence the court

granted a nonsuit, on the defendant's motion, on the ground that the plaintiff had failed to show compliance with this statute. The notice offered in evidence was as follows: "Savannah, Ga., Mch. 1st, 1909. The Mayor and Aldermen of the City of Savannah, City. Dear Sirs: Mr. R. F. Kennedy has employed me to represent him in a claim which he has against you for personal injuries. He was injured on the 18th of January, 1909, by a fall from the steps leading from the Strand to Factors Walk, opposite Hecker-Jones Jewel Milling Company place, 220-222 Bay street, West. He fell because of the defective steps. He was in bed two weeks, incurred a doctor's bill of $150.00, hospital fees of $30.00, and is permanently injured, having been ruptured. He lays his damages at $5,000.00. Please advise us if you are willing to make settlement of this claim without having suit brought. Very respectfully, Edmund H. Abrahams."

*E. H. Abrahams, Osborne & Lawrence,* for plaintiff.
*Samuel B. Adams,* for defendant.