MARKS *v.* CITY OF ROME.

HILL, J. 1. Under the ruling in *Walker* v. *Mayor etc. of East Rome,* ante, 294 (89 S. E. 204), upon the casting of the requisite number of votes for that purpose as prescribed by the act of August 20, 1906 (Acts 1906, p. 1010), the Town of East Rome ceased to exist, and the territory thereof was included within the corporate limits of the City of Rome, as the seventh ward thereof, such change taking effect from January 1, 1907.

(a) When the town of East Rome ceased to exist as a corporation and became incorporated with the City of Rome as the seventh ward thereof, the charter of the Town of East Rome was expressly declared by the act of August 20, 1906 (Acts 1906, pp. 1010, 1014, § 18), to be repealed; and it was also provided by that act that the City of Rome should assume jurisdiction over the newly acquired territory and the citizens thereof under the charter and laws of the City of Rome and the amendments thereto. This was sufficient to work a repeal of the charter of the Town of East Rome, although it was not more specifically described by its title or the date of its grant. *City of Cartersville* v. *McGinnis,* 142 *Ga.* 71 (82 S. E. 487, 38 Ann. Cas. (1915D) 1067).

2. By the act of August 17, 1909 (Acts 1909, pp. 1255, 1276-1287, § 27,

par. 52, pp. 1307-1308, § 60), provision was made for the election of a recorder of the City of Rome, and in regard to his powers and duties. No point was made that ordinances had not been passed, where necessary, in connection with the charter provisions. The contention that the charter was not sufficient to establish such court was without merit.

3. By the Civil Code of 1910, § 910, it is provided that no suit shall be brought against a municipality on any claim for money damages without first presenting a statement of such claim in writing to the governing authority of the municipality, and that a compliance with the section shall be a prerequisite to entertainment by the courts of a suit based on such claim. If a plaintiff has any case against a municipal corporation for damages for illegal imprisonment under sentence from a recorder's court, the section of the code just cited applies to such a claim.

4. The petition in this case set out no cause of action, and the contentions made in support of it by counsel for the plaintiff therein are not well taken. Accordingly, there was no error in dismissing it upon demurrer. *Judgment affirmed. All the Justices concur.*
JUNE 20, 1916.

Action for damages. Before Judge Wright. Floyd superior court. July 15, 1915.

*Henry Walker,* for plaintiff. *Max Meyerhardt,* for defendant.