### 15514. SIRMANS *v.* CITY OF RAY CITY.

BROYLES, C. J. An action for money damages against a municipal corporation, for injuries to person or property, cannot be maintained unless it is made to appear that before the suit was filed the governing authority of the municipality was furnished with a written statement of the plaintiff's claim, and that such statement set forth *the time, the place, and the extent* of the alleged injuries as near as practicable, and the *negligence* which caused them. Civil Code (1910), § 910; *Marks* v. *City of Rome,* 145 *Ga.* 399 (3) (89 S. E. 324); *City Council of Augusta* v. *Marks,* 124 *Ga.* 368 (52 S. E. 539); *Maryon* v. *City of Atlanta,* 149 *Ga.* 36 (99 S. E. 116).

(*a*) While a substantial compliance with the above-cited code section is all that is required (*Langley* v. *Augusta,* 118 *Ga.* 590 (11), 600, 45 S. E. 486), the petition as amended in the instant case showed no such compliance and was fatally defective in this respect. It follows that the court did not err in dismissing it on general demurrer.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JUNE 10, 1924. REHEARING DENIED JULY 15, 1924.

Action for damages; from Berrien superior court—Judge Dickerson. March 20, 1924.

On July 13, 1923, Mrs. Sirmans sued the City of Ray City for damages because of the construction of a dam by the city in 1922. As to demand upon the city the original petition alleged: "5. That your petitioner did, on the 9th day of July, 1923, make writ-

ten demand upon the defendant for the payment of said damages, and the same was refused; that prior to the 9th day of July, 1923, your petitioner had made divers demands upon said corporation for the payment of said damages, same being refused." By amendment the plaintiff alleged: (1) "Immediately upon the service of said notice being served upon the City of Ray City they refused payment." (2) "On or about April 1st, 19——, this plaintiff met in the counsel [council?] room of the city, and said counsel took up the damages and this plaintiff in said meeting for that purpose made the fact set out heretofore in this petition known to them, and said meeting was adjourned over until the next day, at which time they refused the demands of this plaintiff, and said demand by this plaintiff and motion of counsel and refusal was more than thirty days prior to the filing of this suit." The defendant demurred to the petition generally and on the following grounds (among others): "It demurs to paragraph 5 of said petition for the reason that said paragraph nor any other paragraph in said petition does not set out that the required notice was served on defendant prior to the bringing of said suit. The reference of demand showing in petition sets forth July 9, 1923, as the time of demand, and the suit shows to have been filed July 13, 1923, just four days after the alleged demand, which demand is not in accordance with law." "The amendment nowhere sets up nor alleges that the City of Ray City by its constituted authorities met and refused within the thirty days allowed by law the payment of amount of alleged damages sued for." "Said amendment nowhere alleges that a written demand in terms of the law was made upon the defendant prior to the alleged refusal on the part of defendant."

Cited by counsel for plaintiff: 8 *Ga. App.* 98; 113 *Ga.* 619; 124 *Ga.* 365 (5).

*Jeff S. Story,* for plaintiff.

*P. T. Knight,* for defendant.