CARRUTHERS, administratrix, *v.* CITY OF HAWKINSVILLE.

No. 7643. OCTOBER 16, 1930.

*H. E. Coates, D. C. Chalker,* and *Lawson & Ware,* for plaintiff.
*T. S. Felder* and *Marion Turner,* for defendant.

HILL, J. The Court of Appeals desires instruction upon the following question, a determination of which is necessary to a decision of this case: "Do the provisions of section 910 of the Civil Code (1910) require, as a prerequisite to a suit, that a claim for money damages against a municipal corporation, on account of the alleged homicide of an unmarried minor, presented in writing by the administrator of the minor's estate to the governing authority of the municipality for adjustment, show the right of the administrator to maintain an action an account of the alleged homicide, under the provisions of section 4424 of the Civil Code (1910), by setting forth that both the father and mother of the deceased minor had predeceased him?" The answer to this ques-

tion depends upon a proper construction of sections 910 and 4424. Section 910 was taken from the act of 1899 (Ga. L. 1899, p. 74). The title of that act is as follows: "An act to require persons, firms, or corporations having claims for money damages against any municipal corporation of this State, on account of injuries to person or property, to present the same for adjustment before bringing suit thereon; and for other purposes." The material portion of the act of 1899 is as follows: "No person, firm, or corporation, having a claim for money damages against any municipal corporation of this State, on account of injuries to person or property, shall bring any suit at law or equity against said municipal corporation for the same, without first presenting in writing such claim to the governing authority of said municipality for adjustment, stating the time, place, and extent of such injury, as nearly as practicable, and the negligence which caused the same; and no such suit shall be entertained by the courts against such municipality until the cause of action therein has been first presented to said governing authority for adjustment;" etc. Section 4424, as amended by the act of 1924 (Ga. L. 1924, p. 60), provides how suits for recovery for homicide shall be brought, the material portions of which are as follows: "A widow, or, if no widow, a child or children, minor or sui juris, may recover for the homicide of the husband or parent; and if suit be brought by the widow or children, and the former or one of the latter dies pending the action, the same shall survive in the first case to the children, and in the latter to the surviving child or children. The husband may recover for the homicide of his wife; and if she leaves child or children surviving, said husband and children shall sue jointly, and not separately, with the right to recover the full value of the life of the deceased, as shown by the evidence, and with the right of survivorship as to said suit if either die pending the action. A mother, or, if no mother, a father, may recover for the homicide of a child, minor or sui juris, upon whom she or he is dependent, or who contributes to his or her support, unless said child leave a wife, husband, or child. Said mother or father shall be entitled to recover the full value of the life of said child. *In cases where there is no person entitled to sue under the foregong provisions of this section, the administrator of the deceased person may sue for and recover for the benefit of the next of kin, if dependent upon*

*the deceased, or to whose support the deceased contributed; in which event the amount of recovery shall be determined by the extent of the dependency or the pecuniary loss sustained by the next of kin."* (Italics ours.)

In construing the foregoing statutes the legislative intent must be considered; and the courts will look diligently for the intention of the General Assembly in so doing. What was the legislative intent in passing the act of 1899 as codified in section 910? In the case of *Langley* v. *Augusta,* 118 *Ga.* 592 (11, 12), 600 (45 S. E. 486, 98 Am. St. R. 133), this court, in construing the act of 1899, held: "The act of December 20, 1899, providing that notice of the time, place, and extent of injuries to persons or property, claimed to have been inflicted by a municipal corporation, shall be given to its officers before suit is brought, does not require absolute exactness of description, but simply that information as to the matters referred to may be given with sufficient definiteness to enable the city authorities to examine into the alleged injuries, and determine whether the claim shall be adjusted without suit. If the notice and the petition correspond in all substantial respects as to the matters information of which is required to be given, the variance is immaterial." It was said: "This act does not contemplate that the notice shall be drawn with all of the technical niceties necessary in framing a declaration. The purpose of the law was simply to give to the municipality notice that the citizen or property owner has a grievance against it. It is necessary only that the city shall be put on notice of the general character of the complaint, and in a general way, of the time, place, and extent of the injury. . . A substantial compliance with the act is all that is required."

In the notice required to be given under section 910 it is not necessary for an administrator of a deceased minor to state that both the father and mother of the deceased minor have predeceased him, for the reason that the act of 1899, supra, nowhere requires such statement to be made. Section 4424 provides under what conditions an administrator of a deceased person may sue and recover for the benefit of the next of kin. Under that section it must appear that the next of kin were dependent upon the deceased, or that the deceased contributed to the support of the next of kin, and that there is no other person entitled to sue. But that section nowhere provides that the notice to the municipality shall

contain such information. Evidently the purpose of the legislature in passing the acts in question was that the claim against the municipality should be presented prior to suit. Neither in the title nor in the body of the act of 1899 is there any requirement that claimants shall disclose any jurisdictional fact. All that is required of the claimant is notice that he has a claim for money damages against the municipality, and the material facts upon which such claim is based. The general character of the claim is all that is necessary; and we are of the opinion that in section 910, where the word "claim," and the word "suit," and the words "cause of action," appear, they are synonymous. Obviously the purpose of the code sections under review was not to place any undue or unusual burden upon claimants having claims against municipalities; but, as said in *Langley* v. *Augusta,* supra, the notice "does not require absolute exactness of description, but simply that information as to the matters referred to may be given with sufficient definiteness to enable the city authorities to examine into the alleged injuries, and determine whether the claim shall be adjusted without suit." We are are of the opinion that the question propounded by the Court of Appeals should be answered in the negative.

*All the Justices concur, Beck, P. J., and Gilbert, J., specially.*