## 22194.   CITY OF ATLANTA *v.* HAWKINS.

Decided October 28, 1932.

*J. L. Mayson, C. S. Winn, J. C. Savage,* for plaintiff in error. *Hewlett & Dennis, C. P. Goree,* contra.

Sutton, J. Mrs. Maude Hawkins brought suit against the City of Atlanta for personal injuries alleged to have been received by her in stepping into a water-meter of the city on the eastern side of North Boulevard, immediately north of Greenwood Avenue, the same being just east of the eastern curb-line of North Boulevard. She set up that the water-meter was defective, and that when she stepped upon the cap or lid thereof the meter careened and gave way, permitting her left leg to go into the opening thereunder up to the point of her knee, and that she was thereby injured in the manner alleged. She set up that the cap or lid of the meter was broken and defective to such an extent that it would give way when any amount of weight was placed thereon, that this defective condition had existed for a month or more, and that the city knew thereof or by the exercise of ordinary care should have known of the defect. She amended her petition by setting up that the meter was also defective in that the flange or outer edge of the rim of the barrel supporting the cap of the meter was broken for a distance of about four inches, which caused the cap or lid to give way when any weight was placed thereon. The city denied the material allegations of plaintiff's petition. On the trial plaintiff introduced evidence tending to support the allegations of her petition. The jury returned a verdict in her favor. The court overruled the city's motion for a new trial, and to this judgment the city excepted.

The testimony of the plaintiff that she stepped in the second water-meter north of Greenwood Avenue was objected to on the ground that the petition alleged that the plaintiff stepped in the water-meter "immediately" north of Greenwood Avenue, that "immediately," in regard to place, means that nothing intervenes, that the suit was based on alleged negligence of the city as to the defec-

tive condition of a certain water-meter, the one "immediatly" north of Greenwood Avenue, and that to allow the plaintiff to testify that she stepped in the second meter was to allow her to recover by reason of a negligent condition upon which she had brought no suit. The admission of such testimony did not render the verdict illegal and unauthorized for the reason urged that there was a variance between the allegata and probata. In order for such a variance to be deemed material, the adverse party must be surprised or misled, to his prejudice, in maintaining his action or defense upon the merits. 49 C. J. 810, and authorities cited. There was other direct and positive evidence that the plaintiff stepped in the first water-meter north of Greenwood Avenue, and we think that if the word "immediately," as used in plaintiff's petition, means the first water-meter north of Greenwood Avenue and limits the allegation to mean the first water-meter, her testimony that she stepped in the second water-meter north of Greenwood Avenue did not harm or prejudice the rights of the city, and did not deprive it of any of its defenses to the merits.

Furthermore, on cross-examination the plaintiff testified that she stepped in the second water-meter, and this testimony was not objected to by the city. Therefore, under repeated rulings of this court and of the Supreme Court, the refusal to rule out the evidence offered on direct examination was not reversible error. *Mathews* v. *Richards,* 19 *Ga. App.* 489 (2) (91 S. E. 914), and cit.; *L. & N. R. Co.* v. *Lovelace,* 26 *Ga. App.* 286 (3) (106 S. E. 6); *Simmons* v. *State,* 34 *Ga. App.* 163, 164 (128 S. E. 690).

■ The court did not err in admitting in evidence the notice of claim served on the city by the plaintiff for the reason urged that there was no negligence set out therein, and that the only reference to the water-meter was to the lid. Section 910 of the Civil Code of 1910, requiring the presentation of a written notice to the governing authorities of a municipality before suit can be brought, is in derogation of the common law and must be strictly construed against the city. The act does not contemplate that the notice shall be drawn with all the technical nicety necessary in framing a petition. The purpose of the law is simply to give the municipality notice that the claimant has a grievance against it. A substantial compliance with the act is all that is required; and when the notice describes the time, place, and extent of the injury, it will be suffi-

cient. *Mayor &c. of Savannah* v. *Helmken,* 43 *Ga. App.* 84 (158 S. E. 64), and cit.; *City of East Point* v. *Christian,* 40 *Ga. App.* 633 (151 S. E. 42). The requirement that the notice shall state the negligence which caused the damage claimed was sufficiently complied with in this case by setting forth that the plaintiff was injured on May 14, 1931, by stepping on a lid of a water-meter on the east side of North Boulevard just a few feet north of Greenwood Avenue, and that this lid was defective and gave way, causing her injuries. *Kennedy* v. *Savannah,* 8 *Ga. App.* 98 (68 S. E. 652).

■ Parol evidence is not, unless proper foundation be first laid, admissible to prove either affirmatively what books of account or private writings do contain, or negatively what they do not contain. *Holliday* v. *Griffith,* 108 *Ga.* 803 (34 S. E. 126); *Aspinwall* v. *Chisholm,* 109 *Ga.* 437 (34 S. E. 568); *Nix* v. *Armour Fertilizer Works,* 40 *Ga. App.* 745 (3) (151 S. E. 561). It follows that it was not error for the court to reject the testimony of the witness for the city to the effect that he had examined certain water-meter books kept by the city water-meter inspectors and that these books did not show that any repairs had been made on the water-meter involved in this case. These books were not such public records as would bring the evidence of this witness within the principles announced in *Dixon* v. *Patterson,* 135 *Ga.* 183 (69 S. E. 21); *Compton* v. *Fender,* 132 *Ga.* 483 (64 S. E. 475); *Wilson* v. *Wood,* 127 *Ga.* 316 (56 S. E. 457); *Vizard* v. *Moody,* 117 *Ga.* 67 (43 S. E. 426); *Greenfield* v. *McIntyre,* 112 *Ga.* 691 (38 S. E. 44); *Hines* v. *Johnston,* 95 *Ga.* 629 (23 S. E. 470); *Cowan* v. *Corbett,* 68 *Ga.* 66; *Whitaker* v. *State,* 11 *Ga. App.* 208 (75 S. E. 258).

■ It was not error for the court to refuse to admit in evidence an ordinance of the city which provided that "Pedestrians shall cross streets only at intersections or cross-walks, unless otherwise permitted by proper authority." The injury complained of by the plaintiff was not caused by any violation of this ordinance, but was caused by the defective condition of the water-meter. The water-meter was not in the street, but was in a grass-plot between the paved portion of the sidewalk and the curb. Plaintiff was upon this grass-plot when she was injured, and whatever she may have intended to do with respect to going out into the street had nothing to do with her injury.

■ It was not error to charge the jury that the city would be

required to maintain in a reasonably safe condition that portion of the sidewalk between the paving and the curb which was planted in grass. It was a question of fact for the jury to determine whether this alleged defective water-meter rendered the sidewalk in an unsafe condition. *City of Atlanta* v. *Milam,* 95 *Ga.* 135 (22 S. E. 43); *City Council of Augusta* v. *Tharpe,* 113 *Ga.* 152 (38 S. E. 389); *City of Atlanta* v. *Hampton,* 139 *Ga.* 389 (77 S. E. 393). While it is not expected that a person would walk on the grass-plot between the paving and the curb exclusively, it is a matter of common knowledge that a person might at any time have to step thereon or across the same.

■ The court did not err in charging the jury that if the plaintiff should recover, it would be necessary for her to recover on the grounds of negligence set out in her petition as amended, and also on account of negligence at substantially the place designated in her petition. The evidence of the witness Adams was positive that the plaintiff was hurt at the first water-meter, and this charge did not authorize the jury to find in favor of the plaintiff on a different basis of negligence from that sued on. The judge expressly limited a recovery by the plaintiff to the grounds of negligence alleged in her petition.

■ The city does not insist upon the general grounds of its motion for new trial, and these grounds will be treated as abandoned.

■ The remaining grounds of the motion for a new trial do not show error.

*Judgment affirmed. Stephens, J., concurs. Jenkins, P. J., disqualified.*