22162.   CITY OF ROME *v.* STONE.

SUTTON, J.   1. The Civil Code (1910), § 910, provides that "No person, firm or corporation, having a claim for money damages against any municipal corporation of this State on account of injuries to person or property, shall bring any suit at law or in equity against said municipal corporation for the same, without first presenting in writing such claim to the governing authority of said municipality for adjustment, stating the time, place and extent of such injury as near as practicable, and the negligence which caused the same  . ."

(*a*) This statute is in derogation of the common law and must be strictly construed as against the municipality. *Maryon* v. *Atlanta*, 149 *Ga.* 35, 39 (99 S. E. 116). It does not contemplate that the notice shall be drawn with all the formalities and technical niceties of a petition. Its purpose was simply to give to the municipality notice that the citizen or property owner had a grievance against it. It is necessary only that the municipal corporation shall be put on notice of the general character of the grievance, and, in a general way, of the time, place, and extent of the injury. A substantial compliance with the statute is all that is required of a complainant. *Langley* v. *Augusta*, 118 *Ga.* 590 (11) (45 S. E. 486, 98 Am. St. R. 133); *Mayor &c. of Savannah* v. *Helmken*, 43 *Ga. App.* 84 (158 S. E. 64); *East Point* v. *Christian*, 40 *Ga. App.* 633 (151 S. E. 42); *Kennedy* v. *Savannah*, 8 *Ga. App.* 98 (68 S. E. 652).

(*b*) In the *Kennedy* case, supra, it was held that the notice sufficiently complied with the requirement as to stating the grounds of negligence relied on by the plaintiff and sufficiently informed the city of the nature of his claim. The notice in that case stated that the plaintiff was "injured on the 18th day of January 1909, by a fall from the steps leading from the Strand to Factors Walk, opposite Hecker-Jones Jewel Milling Company place, 220-222 Bay street, West. He fell because of the defective steps." The notice in the instant case more clearly and fully set forth the plaintiff's claim than the notice in the *Kennedy* case.

(*c*) Applying the above principles, the demurrer of the city to the plaintiff's petition was properly overruled.

2. The court did not err in charging the jury that it was the duty of the city to keep its sidewalks in a reasonably safe condition for travel thereon by pedestrians. Where municipal authorities undertake to repair a public street, they are bound to take such precautionary measures for the protection of persons having a right to the use thereof as ordinary care and diligence would require. It is the duty of the city to

keep its streets and sidewalks in a reasonably safe condition for travel. *Holliday* v. *Athens*, 10 *Ga. App.* 709 (74 S. E. 67).

3. Whether the street in question was being repaired or not, it was the duty of the city to take such precautionary measures for the protection of persons having a right to the use thereof as ordinary care and diligence would require. *Holliday* v. *Athens*, supra; *Mayor &c. of Savannah* v. *Waldner*, 49 *Ga.* 316; *Mayor &c. of Savannah v. Donnelly*, 71 *Ga.* 259. It was therefore not error for the court to charge the jury that all the plaintiff needed to do was to prove that the ditch or hole was at the place alleged, and was substantially of the dimensions set forth in her petition, and that it would be for the jury "to determine whether or not such a hole, if there was one, was dug and allowed to negligently exist for such a length of time as to charge the" city "with knowledge of its existence." Where a city closes a street to improve it, the question whether it has exercised ordinary care to provide adequate and proper danger signals to warn unsuspecting travelers of danger ahead is a question for the jury. Ahlfeldt *v.* Mexico, 129 Mo. App. 193 (108 S. W. 122) ; Stephens *v.* Macon, 83 Mo. 345; Baker *v.* Grand Rapids, 111 Mich. 447 (69 N. W. 740). Moreover, the question of notice to the city is not involved in this case, as will be shown in a subsequent portion of this opinion.

4. It was not error for the court to instruct the jury to look to the evidence to determine whether or not the city was negligent in the manner alleged, and that if they should find that it was, and that the plaintiff, by the exercise of ordinary care on her part, could not have avoided the injury to herself, then the plaintiff would be entitled to recover. Plaintiff's petition set forth a cause of action against the city, and she introduced evidence tending to support the same. It was clearly a question for the jury to determine whether the city was negligent in the manner alleged. This was the issue in the case. The fact that repairs to the street were being made by a contractor to whom the city let the work would not relieve the city of liability. 43 C. J. 1042, § 1820; *Mayor &c. of Brunswick* v. *Braxton*, 70 *Ga.* 193; *City of Rome* v. *Davis*, 9 *Ga. App.* 62 (70 S. E. 594) ; *City of Atlanta* v. *Thurman*, 19 *Ga. App.* 531 (91 S. E. 887) ; *Brown* v. *Milledgeville*, 20 *Ga. App.* 392 (93 S. E. 25).

5. The repairs were being made on the street in question by the city, through a contractor. The city contends that it had no notice, actual or constructive, of the alleged defect, and that therefore there was no duty resting upon it to place lights or other safeguards, warning, or safety device on the sidewalk at the place of the alleged defect. The general rule is that a municipal corporation is bound to keep its streets and sidewalks in a safe condition for use by those having a right to use them by night. *Scearce* v. *Gainesville*, 33 *Ga. App.* 411 (126 S. E. 883), and cit.

(*a*) Where an injury is caused by the act of a person, acting under the authority of a municipality, in digging a hole between the sidewalk and the curb and in negligently failing to place barriers, safeguards, lights, or other safety device about the hole so as to render reasonably safe the use of the sidewalk at night by one having a right to use the same, the municipality is chargeable with knowledge thereof, and no notice to it need be shown, such notice being necessarily implied, as the acts of its

agent are the acts of the municipality. *Mayor &c. of Brunswick* v. *Braxton,* supra; *Mayor &c. of Savannah* v. *Donnelly,* supra; *City Council of Augusta* v. *Cone,* 91 *Ga.* 714 (17 S. E. 1006); 43 C. J. 1042, § 1820.

(b) Where the defective condition of the sidewalk is due to the failure to repair the same or to the negligent acts of third persons, the city is not liable unless it has had actual notice of the same, or unless it appears from the facts in the case that the defect could have been ascertained by the exercise of ordinary care, as where the same existed for such a length of time that notice will be implied. *City of Rome* v. *Brooks,* 7 *Ga. App.* 244 (66 S. E. 627); *Mayor &c. of Montezuma* v. *Wilson,* 82 *Ga.* 206 (9 S. E. 17, 14 Am. St. R. 150); *Lewis* v. *Atlanta,* 77 *Ga.* 756 (4 Am. St. R. 108); *City Council of Augusta* v. *Hafers,* 61 *Ga.* 48 (34 Am. R. 95); *Brown* v. *Milledgeville,* supra; 43 C. J. 1040, § 1819; Id. 1045, § 1823.

(c) In the present case the alleged defect was not due to failure to keep the sidewalk in repair, but was due to a hole or ditch dug between the sidewalk and the curb by the city, through its agent, the contractor. Nor was the injury due to the acts of third persons, but the act of the contractor, in digging the ditch and leaving the same unguarded and without a light or lights to warn those having a right to the use of the sidewalk at night of the existence of the ditch or hole, was the act of the city itself. In these circumstances, constructive or actual notice to the city is not in the case, the city being necessarily charged with implied notice of the act of its agent. *Mayor &c. of Savannah* v. *Donnelly,* supra.

(d) Applying the above principles, the court did not err in charging the jury that what constitutes negligence in this case was a question for them to determine from all the facts and circumstances in the case, and in refusing to charge the jury as requested by the city in the 6th, 7th, and 8th grounds of the amendment to the motion for a new trial. These grounds deal with question of notice to the city, and, as we have seen, the question of notice was not in the case.

6. The question of accident was not involved in this case, and the court did not err in refusing to charge upon this subject.

7. "A specific charge which is legal and adjusted to a distinct matter in issue, involving the right of the plaintiff to recover, and which may materially aid the jury, should be given as requested, although in principle and in more general and abstract terms it may be covered by other instructions given by the court." *Metropolitan Street R. Co.* v. *Johnson,* 90 *Ga.* 500 (5) (16 S. E. 49). Applying the above ruling to the request to charge set forth in ground 5 of the amendment to the motion for a new trial, the court erred in failing to give the principle therein embodied in charge to the jury.

8. As the judgment overruling the motion for new trial is reversed on account of the error set forth in the foregoing paragraph, it is unnecessary to pass upon the sufficiency of the evidence to support the verdict.

*Judgment reversed, Jenkins, P. J., and Stephens, J., concur.*

DECIDED JANUARY 12, 1933.

*H. L. Lanham, Wright & Covington,* for plaintiff in error.
*Porter & Mebane,* contra.