24028. CITY OF ATLANTA *v.* BLACKMON.
24029. CITY OF ATLANTA *v.* HEWELL.
24030. CITY OF ATLANTA *v.* SNOW.

Decided January 31, 1935.

*J. L. Mayson, C. S. Winn, J. C. Savage,* for plaintiff in error.
*Wilbur B. Nall, A. Walton Nall,* contra.

Per Curiam. In each of these cases the petition alleged that the City of Atlanta had injured and damaged the plaintiff because of alleged personal injuries sustained by the plaintiff as a result of the negligence of the city. The city filed a general demurrer to each petition, on the ground that the ante-litem notice to the city of the claim, which is attached to and made a part of the petition, did not "set out any negligence on the part of the City of Atlanta." The demurrer in each case was overruled, and on this judgment error is assigned.

One who claims damages against a municipality is not required to do more than state definitely and specifically all the facts upon which he bases his claim. The form of the notice is not amenable to the strict rules of pleading; it is intended to state such facts as will enable the municipality to promptly investigate for itself the merits of the claim. *Kennedy* v. *Savannah,* 8 *Ga. App.* 98 (68 S. E. 652). The act relative to such notice "does not require absolute exactness of description, but simply that information as to the matters referred to may be given with sufficient definiteness to enable the city authorities to examine into the alleged injuries and determine whether the claim shall be adjusted without suit." *Langley* v. *Augusta,* 118 *Ga.* 590 (11) (45 S. E. 486, 98 Am. St. R. 133). Measured by the above rule, the notice in each of the instant cases was sufficient. The notice was as follows: "Mrs. Myrtle Blackmon hereby makes claim against the City of Atlanta on account of personal injuries received while she was riding as a passenger in an automobile driven by Milton E. Blackmon along Glenn street in an easterly direction, when the car in which she was riding was struck by a truck owned by the City of Atlanta and used by the Waterworks Department, and bearing the number eighteen (18); which said accident took place where said Glenn street intersects with Pulliam street, in the City of Atlanta, on August 14, 1933, at or about 10:30 o'clock a. m. The city truck was traveling

in a southerly direction on Pulliam street, and the car in which claimant was riding had passed the center of the intersection when it was struck by the city waterworks truck." The injuries were then set out. The negligence alleged in the petition, among other acts, was that there was a "stop" sign on Pulliam street, so designated by city ordinance. It also alleged that there was a city ordinance requiring the operator of a vehicle to travel on the right-hand side of the street. The city certainly had notice of its own ordinances providing for the stop sign and the operation of vehicles on its streets. The notice alleges that the plaintiff was struck after she had passed the center of the intersection. This was on the left-hand side of Pulliam street. The defendant, according to the notice, was approaching the intersection from the plaintiff's left, and, under the State law as well as an ordinance of the City of Atlanta, the plaintiff had the right of way.

It is necessary only that the municipal corporation shall be put on notice of the general character of the grievance, and in a general way of the time, place, and extent of injury. A substantial compliance is all that is necessary. *City of Rome* v. *Stone,* 46 *Ga. App.* 259 (167 S. E. 325). The statute (codified in section 910 of the Civil Code) with reference to written notice to a municipality is in derogation of common right, and should be strictly construed against the city. *Langley* v. *Augusta,* supra. The purpose of the law was simply to give the city notice that a city or property owner has a grievance against it and an opportunity to investigate such grievance. The words "as near as practicable," as used in the Code section, in our opinion do not make any difference in their qualification between "time, place, and extent of the alleged injuries," and "the negligence which caused the same." The language used in *Harrison* v. *Atlanta,* 26 *Ga. App.* 727 (107 S. E. 83), is purely obiter. The opinion in that case was not unanimous, and the language quoted is contrary to older, and consequently controlling, decisions, and contrary to the principles which have been definitely fixed in the application of the statute by our courts. It has been repeatedly held that the statute does not contemplate that the notice shall be drawn with all the technical niceties and formalities of a petition. This principle has in no opinion been limited, nor has a stricter rule been made to apply with reference to the notice as to negligence as distinguished from time, place, and extent

of injury, save in the obiter language in the *Harrison* case cited above. It would be entirely contrary to the purpose of the act to say that the negligence relied on must be as clearly and specifically set forth in the notice as in the petition. The object and purpose of the notice is merely to give the city an opportunity to investigate the matter in order to determine whether it will pay without suit. *City of Griffin* v. *Stewart,* 19 *Ga. App.* 817 (92 S. E. 400). In *Kennedy* v. *Savannah,* supra, the ante-litem notice merely alleged that the plaintiff "fell because of the defective steps," without any statement as to how they were defective, or any details, or other allegations of negligence; and this court held that "the requirement that the notice shall state the negligence which caused the damage was sufficiently complied with." In the present case the notice states that plaintiff was struck by defendant while the defendant was on the wrong side of the street and while the plaintiff had the right of way over the defendant. In the *Kennedy* case, supra, it was said, in reference to the negligence: "One who claims damages against a municipality is not required to do more than state definitely and specifically all the facts upon which he bases his claim." This the notice in the instant cases did; and from the pleadings we learn that the city did investigate the claim and had the plaintiff examined by a doctor, and then refused payment.

The petitions each set out a cause of action, and the court did not err in overruling the demurrers.

*Judgments affirmed. . MacIntyre and Guerry, JJ., concur. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. An action for money damages against a municipal corporation, for injuries to person or property, can not be maintained unless it is made to appear that, before the suit was filed, the governing authority of the municipality was furnished with a written statement of the plaintiff's claim, and that such statement set forth *the time, the place,* and *the extent* of the alleged injuries, as near as practicable, and *the negligence which caused the same.* Civil Code (1910), § 910; *Marks* v. *Rome,* 145 *Ga.* 399 (3) (89 S. E. 324); *City Council of Augusta* v. *Marks,* 124 *Ga.* 368 (52 S. E. 539); *Maryon* v. *Atlanta,* 149 *Ga.* 36 (99 S. E. 116); *Sirmans* v. *Ray City,* 32 *Ga. App.* 430 (124 S. E. 60). The words "as near as practicable" in the Code section follow and

qualify the words "time, place, and extent of the alleged injuries," but they precede and do not qualify the words "the negligence which caused the same." *Harrison Co.* v. *Atlanta,* 26 *Ga. App.* 727, 729 (supra). In other words, the time, the place, and the extent of the alleged injuries, may be set forth generally and with only reasonable certainty, and an immaterial variance between the notice given the governing authority of the municipality and the petition thereafter filed, "as to time, place, or extent of injury, will not amount to a fatal variance" (*Langley* v. *Augusta,* 118 *Ga.* 600, supra), but the alleged *negligence* relied on must be clearly and *specifically* set forth in the notice, and the negligence set forth therein and the negligence alleged in the petition must be identical.

While the plaintiff in such an action is not required to set forth in his petition the notice, yet where, as in these cases, he attaches a copy of the notice as an exhibit to the petition, and where the notice shows on its face that the manadatory requirement of the Code section, that the alleged negligence relied on must be clearly and specifically set forth in the notice, has not been complied with, the petition is subject to be dismissed on general demurrer. *Saunders* v. *Fitzgerald,* 113 *Ga.* 619 (38 S. E. 978) ; *Newton* v. *Moultrie,* 37 *Ga. App.* 631 (3) (141 S. E. 322).

In each of the instant cases the notice was attached as an exhibit to the petition and made a part thereof, and the statements in all of the notices as to the time, the place, and the alleged negligence of the City of Atlanta, are identical. The statements as to the time, the place, and the extent of the alleged injuries are sufficiently set forth in the notice. However, the alleged negligence of the city is not clearly and specifically stated therein as required. The only allegations from which any negligence of the city could possibly be inferred or guessed at are contained in the following portion of the notice: The personal injuries were "received while she [the sender of the notice] was riding as a passenger in an automobile driven by Milton C. Blackmon along Glenn street in an easterly direction, when the car in which she was riding was struck by a truck owned by the City of Atlanta and used by the Waterworks Department and bearing the number 18; which said accident took place where said Glenn street interests with Pulliam street, in the City of Atlanta, on August 14, 1933, at about 10:30 o'clock a. m. The city truck was traveling in a southerly direction on Pulliam street and

the car in which claimant was riding had passed the center of the intersection when it was struck by the city waterworks truck." I agree with the following statement in the brief of counsel for the City of Atlanta: "In the instant cases there is no effort, no pretense, to set up in the ante-litem notice any negligence whatsoever, of any character whatsoever, on the part of the plaintiff in error. We are only left to conjecture, to guess, to wonder, how or wherein plaintiff in error [the City of Atlanta] was guilty of negligence in the premises. Section 910 of the Code requires that we be relieved from any doubt or uncertainty as to the negligence claimed. The notice in the instant cases sets forth no act of negligence. Plaintiff in error was entitled to this notice in the ante-litem notice and before the filing of the petition in the court below."

The amended petitions, properly construed (most strongly against the plaintiffs), do not show a waiver by the City of Atlanta of the required notice. In my opinion the court erred in each case in overruling the general demurrer to the petition as amended.