## 26740. OLMSTEAD *v.* MAYOR & ALDERMEN OF SAVANNAH.

DECIDED APRIL 21, 1938.

*E. S. Fuller, Ulmer & Dowell,* for plaintiff.

*Spence M. Grayson, J. C. Hester,* for defendant.

FELTON, J. The only question for decision by this court in this case is whether or not the ad-litem notice given by the plaintiff to the City of Savannah was sufficient under the statute providing for such notice. The notice given the city is as follows: "As attorneys at law for Mrs. Anna Olmstead, of this city, we present to you, in accordance with section 910 of the Code of Georgia, the claim of Mrs. Anna Olmstead for damages in the sum of $2500 for personal injuries received by her on September 16, 1936, while walking east on St. Julian Street, between Price and Houston Streets, she stepped on a brick in the sidewalk which turned and threw her to the sidewalk. Mrs. Olmstead suffered a fractured right arm, sprained right ankle and right knee, and was otherwise bruised on her whole right side. Mrs. Olmstead was treated by Dr. L. W. Williams, and is still suffering from the effects of said fall. We will be pleased to have you get in touch with Dr. Williams if you so desire, as to the injuries suffered by our client. Any further information will be supplied upon request from you, your honorable board, or from city attorneys."

It is admitted in the brief of counsel for the defendant in error that the notice as to time, place, and extent of injury has been sufficiently complied with, leaving only the question as to whether or not the negligence which caused the accident is sufficiently set out in the notice. Code, § 69-308, provides: "No person, firm or corporation, having a claim for money damages against any municipal corporation on account of injuries to person or property, shall bring any suit at law or equity against said municipal corporation for same, without first presenting in writing such claim to the governing authority of said municipality for adjustment, stating the time, place, and extent of such injury, as nearly as practicable,

and the negligence which caused the same, and no such suit shall be entertained by the courts against such municipality until the cause of action therein shall have been first presented to said governing authority, for adjustment." This act does not contemplate that the notice shall be drawn with all the technical niceties necessary in framing a declaration. The purpose of the law is simply to give the municipality notice that a citizen has a grievance against it. A substantial compliance with the section is all that is required. The act does not require that the descriptions be exact, but simply that information as to matters referred to be given in such a way that the city authorities might inquire into the alleged injuries and determine whether the claim should be adjusted without suit. *Langley* v. *Augusta,* 119 *Ga.* 590 (11) (45 S. E. 486, 98 Am. St. R. 133).

We think that the facts and the rulings made in the case of *Kennedy* v. *Savannah,* 8 *Ga. App.* 98 (68 S. E. 652), are controlling in the instant case. In that case the notice stated: "He was injured on the 18th of January, 1909, by a fall from the steps leading from the Strand to Factors Walk, opposite Hecker-Jones Jewel Milling Company place, 220-222 Bay Street West. He fell because of the defective steps." In that case this court held that only such substantial compliance with the provisions of the act requiring notice to be given to municipal corporations of claims for damages against them is necessary as will enable the municipality to investigate the claim and to determine whether it prefers to adjust the claim without suit or to contest its validity in the courts. It was further held that the requirement that the notice shall state the negligence which caused the damage was sufficiently complied with in that case and that one who claims damages against a municipality is not required to do more than state definitely all the facts upon which he bases his claim; citing *Smith* v. *Elberton,* 5 *Ga. App.* 286 (63 S. E. 48); *Langley* v. *Augusta,* supra; see also *City of Rome* v. *Stone,* 46 *Ga. App.* 259 (167 S. E. 325), and cit. We are unable to differentiate between the *Kennedy* case, supra, and the case at bar. The notice in the case at bar states that the plaintiff stepped on a brick in the sidewalk which overturned and threw her to the sidewalk, and in the *Kennedy* case the notice stated that the plaintiff was injured because of defective steps. The mere fact that the steps were defective

would not mean that the city was negligent. There are no specific allegations of negligence in either case, but the instrumentality causing the injury is so set out that the city is put on such notice that it can investigate the claim. The petition set out a cause of action, and the court erred in sustaining the general demurrer.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*