## 37706. CITY OF SUMMERVILLE *v.* ALDRED.

CARLISLE, Judge. 1. "No person, firm or corporation, having a claim for money damages against any municipal corporation on account of injuries to person or property, shall bring any suit at law or equity against said municipal corporation for the same, without first, and within six months of the happening of the event upon which such claim is predicated, presenting in writing such claim to the governing authority of said municipality for adjustment, stating the time, place, and extent of such injury, as nearly as practicable, *and the negligence which caused the same,* and no such suit shall be entertained by the courts against such municipality until the cause of action therein shall have been first presented to said governing authority, for adjustment." Code (Ann.) § 69-308. (Italics ours). While a substantial compliance with the foregoing statutory requirements is sufficient and such notice need not be drawn "with all the formalities and technical niceties of a petition" (*City of Rome* v. *Stone,* 46 *Ga. App.* 259 (1a), 167 S. E. 325), and while it is only necessary that the notice set forth sufficient facts as will enable the municipality to promptly investigate for itself the merits of the claim (*City of Atlanta* v. *Blackmon,* 50 *Ga. App.* 448, 178 S. E. 467), and while there may be some conflict in the authorities as to whether it is necessary that the written notice advise the municipality as to the specific act or acts of negligence on the part of the municipality relied upon as the basis for the recovery sought (compare *Harrison Co.* v. *City of Atlanta,* 26 *Ga. App.* 727, 107 S. E. 83, with *City of Atlanta* v. *Blackmon,* supra), the statutory requirement as to the various elements which must be incorporated in the notice is plain and unambiguous and clearly requires that such notice at least, to some extent, advise the municipality of the negligence claimed. Accordingly, where the written notice given to the municipality failed to set forth therein any fact or contention of the plaintiff with respect to any negligent act on the part of the municipality, and wholly failed to inform the municipality as to the cause of the plaintiff's injuries for which damages were claimed, it was not a sufficient compliance with the requirements of the statute, and the petition which had attached thereto a copy of such notice was fatally defective and subject to general demurrer. *Newton* v. *City of Moultrie,* 37 *Ga. App.* 631 (141 S. E. 322).

2. It follows from the foregoing ruling that the trial court erred in overruling the general demurrer to the petition in this case.

*Judgment reversed.* *Gardner, P. J., and Townsend, J., concur.*

DECIDED JULY 14, 1959—REHEARING DENIED JULY 27, 1959.

*Robert Edward Surles,* for plaintiff in error.

*F. H. Boney,* contra.