### 20659.   ALDRED *v.* CITY OF SUMMERVILLE.

HAWKINS, Justice.   This case comes to this court on certiorari to the Court of Appeals, that court having held in *City of Summerville* v. *Aldred,* 100 *Ga. App.* 66 (110 S. E. 2d 73), that "the trial court erred in overruling the general demurrer to the pe-

tition," because the written notice given, as required by Code (Ann.) § 69-308, failed to inform the municipality of *"the negligence which caused"* the injury. The notice, copy of which is attached to the petition, is as follows:

"Claim for damages. In pursuance of the provisions of Section 69-303 of the Code of Georgia concerning the liability of a municipality for injuries resulting from defects in streets. Mayor and Council, City of Summerville, Summerville, Georgia. 'Gentlemen: You are hereby notified that on November 26, 1956, at approximately 8 p.m., Mrs. W. F. Aldred and Miss Mable Aldred suffered severe injuries while riding in a car driven by Mrs. J. B. Woodard, in the City of Summerville, Georgia. The car being driven in a westerly direction over and along First Street, the vehicle being driven over a manhole located in approximately the middle of the street at the intersection of Union and First Street. Your petitioners, Mrs. W. F. Aldred and Miss Mable Aldred, make claim and demand upon the City of Summerville, in the sum of $50,000 and $25,-000 respectively, for damages sustained while passengers in Mrs. J. B. Woodard's car. Mrs. W. F. Aldred suffered a severe ankle injury, which is permanent in nature, and other injuries which will be more fully described in a report available from Dr. Goodwin, Summerville, Georgia. Miss Mable Aldred suffered injuries to her face and head, which are permanent in nature, and will be more fully described by Dr. Goodwin. I am sure the Mayor and Council are familiar with the facts and circumstances surrounding this case; consequently, I will not try to go into further detail. Such demand and claim for damages is made in pursuance of provisions of Section 69-303 of the Code of the State of Georgia.

"Mrs. W. F. Aldred
Miss Mable Aldred
By: James A. Aldred
Plaintiffs' Attorney.' "

*Held:*

While Code (Ann.) § 69-308 was originally codified from the act of 1899 (Ga. L. 1899, p. 74), this act has been twice amended, but the provisions that no person having a claim for money damages against any municipal corporation on account of injuries to person or property shall bring any suit without first presenting in writing such claim to the governing authority of said municipality for adjustment, "stating the time, place, and

extent of such injury, as nearly as practicable, and the negligence which caused the same, and no such suit shall be entertained by the courts against such municipality until the cause of action therein shall have been first presented to said governing authority, for adjustment," were in the original act and still remain in the Code (Ann.) section.

In 1903 this court was called on to construe the above-quoted provisions of this act, and in *Langley* v. *City Council of Augusta*, 118 *Ga.* 590, 600 (45 S. E. 486, 98 Am. St. Rep. 133), it was said: "In the notice served upon the city before the suit was filed, damages were claimed on the ground that the caving of the ditch [dug by the city for drainage purposes] had practically destroyed the shade trees 'set out by the owner in front of his property' . . . The act of December 20, 1899, requires that all persons having claims against municipal corporations, for injuries to person or property, to present 'in writing such claims to the governing authority of said municipality for adjustment, stating the time, place, and extent of such injury, as near as practicable, and the negligence which caused the same,' before bringing suit against the corporation. Acts 1899, p. 74. This act does not contemplate that the notice shall be drawn with all of the technical niceties necessary in framing a declaration. The purpose of the law was simply to give to the municipality notice that the citizen or property owner has a grievance against it. It is necessary only that the city shall be put on notice of the general character of the complaint, and, in a general way, of the time, place, and extent of the injury. The act recognizes by the use of the words 'as near as practicable,' that absolute exactness need not be had. A substantial compliance with the act is all that is required; and when the notice describes the time, place, and extent of the injury with reasonable certainty, it will be sufficient. . . Doubtless a proper construction of the notice would be that the plaintiff intended to fix the location of the trees on the front portion of one of his lots. At any rate, the city was sufficiently put on notice as to the location to be able to find them without difficulty upon an inspection of the premises, and ascertain whether any injury had been done to them, and, if so, what was its extent."

In *Kennedy* v. *Mayor &c. of Savannah*, 8 *Ga. App.* 98 (1, 2) (68 S. E. 652), Judge Russell, speaking for the court, said: "Only such substantial compliance with the provisions of the act of

1899 (Acts 1899, p. 74), requiring notice to be given to municipal corporations of claims for damages against them, is necessary as will enable the municipality to fully investigate the claim and to determine whether it prefers to adjust the claim without suit or to contest its validity in the courts," and it was there held: "The requirement that the notice shall state the negligence which caused the damage was sufficiently complied with in this case, and it was error to nonsuit the plaintiff upon the ground that the statement of the cause of the injury was not sufficiently specific." The notice there dealt with stated: "He was injured on the 18th of January, 1909, by a fall from the steps leading from the Strand to Factors Walk, opposite Hecker-Jones Jewell Milling Company place, 220-222 Bay Street, West. He fell because of the defective steps."

In *City of Atlanta* v. *Hawkins*, 45 *Ga. App.* 847, 850 (166 S. E. 262), Judge Sutton, in an opinion concurred in by Judge Stephens, held: "The requirement that the notice shall state the negligence which caused the damage claimed was sufficiently complied with in this case by setting forth that the plaintiff was injured on May 14, 1931, by stepping on a lid of a water-meter on the east side of North Boulevard just a few feet north of Greenwood Avenue, and that this lid was defective and gave way, causing her injuries."

In *Olmstead* v. *Mayor &c. of Savannah*, 57 *Ga. App.* 815 (196 S. E. 923), the notice stated that, "while walking east on St. Julian Street, between Price and Houston Streets, she stepped on a brick in the sidewalk which turned and threw her to the sidewalk," and Judge Felton, speaking for the Court of Appeals, said: "We are unable to differentiate between the *Kennedy* case, supra, and the case at bar. The notice in the case at bar states that the plaintiff stepped on a brick in the sidewalk which overturned and threw her to the sidewalk, and in the *Kennedy* case the notice stated that the plaintiff was injured because of defective steps. The mere fact that the steps were defective would not mean that the city was negligent. There are no specific allegations of negligence in either case, but the instrumentality causing the injury is so set out that the city is put on such notice that it can investigate the claim. The petition set out a cause of action, and the court erred in sustaining the general demurrer."

In the case now under consideration Judge Carlisle, speaking for the Court of Appeals, did not overrule, attempt to distinguish,

or cite either one of the four decisions referred to above, but simply stated: "while there may be some conflict in the authorities as to whether it is necessary that the written notice advise the municipality as to the specific act or acts of negligence on the part of the municipality relied upon as the basis for the recovery sought (compare *Harrison Co.* v. *City of Atlanta,* 26 *Ga. App.* 727, 107 S. E. 83, with *City of Atlanta* v. *Blackmon,* [50 *Ga. App.* 448, 178 S. E. 467] supra), the statutory requirement as to the various elements which must be incorporated in the notice is plain and unambiguous and clearly requires that such notice at least, to some extent, advise the municipality of the negligence claimed."

The notice in the instant case advises the city that " a manhole located in approximately the middle of the street at the intersection of Union and First Street," was the cause of the injury. In the *Kennedy* case, supra, the notice informed the city: "He was injured . . . by a fall from the steps leading from the Strand to Factors Walk, opposite Hecker-Jones Jewell Milling Company place, 220-222 Bay Street, West. He fell because of the defective steps." In *City of Atlanta* v. *Hawkins,* supra, the notice stated that the plaintiff "was injured on May 14, 1931, by stepping on a lid of a water-meter on the east side of North Boulevard just a few feet north of Greenwood Avenue, and that this lid was defective and gave way, causing her injuries." In the *Olmstead* case, supra, the notice stated that, "while walking east on St. Julian Street, between Price and Houston Streets, she stepped on a brick in the sidewalk which turned and threw her to the sidewalk." It will be noted that none of these notices specifically set out "the negligence which caused" the injury, yet the Court of Appeals, in three of these cases, over twenty years ago, has said that these notices were sufficient.

Accordingly, we hold that the Court of Appeals erred in deciding in this case that the written notice given to the municipality was not a sufficient compliance with the requirements of the statute (Code, Ann., § 69-308), because that ruling is in conflict with the decision of this court in *Langley* v. *City Council of Augusta,* 118 *Ga.* 590 (45 S. E. 486), and older decisions of the Court of Appeals in *Kennedy* v. *Mayor &c.* of Savannah, 8 *Ga. App.* 98 (68 S. E. 652), *City of Atlanta* v. *Hawkins,* 45 *Ga. App.* 847 (166 S. E. 262), and *Olmstead* v. *Mayor &c.* of *Savannah,* 57 *Ga. App.* 815 (196 S. E. 923), wherein it was

held that it is only necessary that the instrumentality causing the injury be so set out that the city is put on such notice that it can investigate the claim, and determine whether it prefers to adjust the claim without suit or to contest its validity in the courts. See *City of Atlanta* v. *Blackmon*, 50 *Ga. App.* 448, 450 (178 S. E. 467); *Maryon* v. *City of Atlanta*, 149 *Ga.* 35 (99 S. E. 116); *Carruthers* v. *City of Hawkinsville*, 171 *Ga.* 313 (155 S. E. 520).

*Judgment reversed. All the Justices concur, except Wyatt, P. J., who dissents.*

ARGUED NOVEMBER 9, 1959—DECIDED JANUARY 8, 1960— REHEARING DENIED FEBRUARY 11, 1960.

*F. H. Boney,* for plaintiff in error.
*Robert Edward Surles,* contra.