38260.   CALDWELL *v.* MAYOR &c. OF SAVANNAH.

DECIDED MAY 6, 1960—REHEARING DENIED MAY 18, 1960.

684

*Cheatam, Bergen & Sparkman, Joseph B. Bergen,* for plaintiff in error.

*Oliver, Davis & Maner, Edwin Maner, Jr.,* contra.

FRANKUM, Judge. The trial judge granted a summary judgment in favor of the City of Savannah on all issues of law and fact under the provision of Code (Ann.) § 110-1203 (Ga. L. 1959, p. 234). The pertinent part of said Code section is as follows: "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law, but nothing in this Chapter shall be construed as denying to any party the right to trial by jury where there are substantial issues of fact to be determined."

The crux of the summary judgment procedure is that if there is

no substantial issue as to any material fact, then the court can apply the appropriate legal principles and define the legal rights of the parties without lengthy trials to establish the already undisputed facts.

The attorney for the city insists that there is no genuine issue. His contentions are based upon (a) the notice is insufficient as a matter of law to comply with Code (Ann.) § 69-308, and, (b) if the notice is sufficient, such notice reveals the injury was incurred at a place where the city is not responsible, viz. in a public park the maintenance of which is a governmental function.

(a) We shall deal with the sufficiency of the notice first because if the notice is insufficient the plaintiff's action will not be entertained by the courts. The relevant part of plaintiff's notice is as follows: "I respectfully ask permission of your Honorable Body to give your consideration to my plea for assistance in defraying some of the expenses, resulting from a fall I sustained while as a visitor to your city the evening of September 23, 1957. I came to Savannah to attend the television showing of a boxing event at the city-owned Auditorium. Upon leaving our car near the old McAlpine home, my son and I began to walk slowly toward the Auditorium as we had a full hour before the showing was scheduled. Immediately on stepping from the street to the old brick sidewalk of Orleans Square, both of my feet slipped beneath me and I fell to my knees, unfortunately with my legs crossed beneath me, resulting in a very serious fracture of the right leg. As I did not realize my leg was broken, it was then I noted that the slime covered bricks offered little better footing than the bottom of a fish pond." In *Langley* v. *City Council of Augusta*, 118 *Ga.* 590, 600 (45 S. E. 486, 98 Am. St. Rep. 133) the court stated: "This act [Code, Ann., § 69-308] does not contemplate that the notice shall be drawn with all of the technical niceties necessary in framing a declaration. The purpose of the law was simply to give to the municipality notice that the citizen or property owner has a grievance against it. It is necessary only that the city shall be put on notice of the general character of the complaint, and, in a general way, of the time, place, and extent of the injury. The act recognizes, by the use of the words 'as near as practicable,' that absolute exact-

ness need not be had. A substantial compliance with the act is all that is required; and when the notice describes the time, place, and extent of the injury with reasonable certainty, it will be sufficient."

In *Kennedy* v. *Mayor &c. of Savannah,* 8 *Ga. App.* 98 (68 S. E. 652) the court reasoned: "Only such substantial compliance with the provisions of the act of 1899 (Acts 1899, p. 74), requiring notice to be given to municipal corporations of claims for damages against them, is necessary as will enable the municipality to fully investigate the claim and to determine whether it prefers to adjust the claim without suit or to contest its validity in the courts." Where the instrumentality or condition causing the injury is described in the notice in order that the city may investigate, as to time, place and extent of the injury it is sufficient. *Olmstead* v. *Mayor &c. of Savannah,* 57 *Ga. App.* 815 (196 S.E. 923). The defendant in error relies heavily in his brief on *City of Summerville* v. *Aldred,* 100 *Ga. App.* 66 (110 S.E. 2d 73) where this court held that when no allegations of negligence appear in a notice, it was rendered defective. However, since the trial court's ruling in the instant case and this appeal the *Summerville* case was reversed in *Aldred* v. *City of Summerville,* 215 *Ga.* 651 (113 S. E. 2d 108), which was acknowledged by the city's counsel in oral argument.

The plaintiff describes the location, time, and injury in his notice as well as the cause, i.e., the slime covered bricks. The plaintiff's written notice was sufficient. *Aldred* v. *City of Summerville,* 215 *Ga.* 651, supra.

(b) The defendant in error contended that the notice revealed that the injury was received while the plaintiff was in Orleans Square, a place where the city would not be liable. The basis of this contention was that the plaintiff in his notice stated "immediately on stepping from the street to the old brick sidewalk of Orleans Square, both of my feet slipped beneath me . . ." which placed the plaintiff in the park at the time of the accident. Therefore, because the operation and maintenance of Orleans Square is a governmental function as distinguished from a ministerial function, the city was not put on notice or obligated to investigate the accident. Under the doc-

trine of governmental function, the city was not liable. *Harvey v. Mayor &c. of Savannah*, 59 *Ga. App.* 12 (199 S.E. 653) ; *Cornelisen v. City of Atlanta*, 146 *Ga.* 416 (91 S. E. 415). In other words, if the plaintiff was in the park and his injury was caused by the negligent maintenance of the park, he could not recover.

The foregoing proposition is true, but, on the other hand if the plaintiff was in the street and about to step onto the sidewalk of the park when his fall was caused by negligent maintenance of the street his action would lie because such maintenance is a ministerial function. *Mayor &c. of Milledgeville v. Holloway*, 32 *Ga. App.* 734 (124 S. E. 802) ; *Herrington v. Mayor &c. of Macon*, 125 *Ga.* 58 (54 S. E. 71).

In his amendment the plaintiff set out additional facts which alleged that the sidewalk in question is actually in the right-of-way of Barnard Street and is not a portion of Orleans Square. While the city filed with its motion for summary judgment an affidavit stating that the sidewalk is a portion of the park, the plaintiff filed a response to the motion for summary judgment contending that the said sidewalk is in Barnard Street, together with an affidavit by a surveyor showing the historical measurements of the park in relation to the street. Whether the sidewalk was added as a portion of the park or as a portion of the public street is one of fact. The place, purpose, characteristics and functions of the sidewalk determine whether or not its maintenance is a ministerial or governmental function. See *Mayor &c. of Savannah v. Jordan*, 142 *Ga.* 409 (83 S. E. 109, 55 L. R. A. 741, 41 Ann. Cas. 240) ; *Harvey v. Mayor &c. of Savannah*, 59 *Ga. App.* 12, supra. If it was necessary as an addition to the park for the purpose of the health and welfare of its citizens, even though it is within the right-of-way of Barnard Street it would come within the governmental function, but should the sidewalk be a part of the public street, the action will lie. *McFarland v. City of McCaysville*, 39 *Ga. App.* 739 (148 S. E. 421). In the *Harvey* case, the pleadings showed the injury to have occurred inside the park. The court took judicial notice of an act creating the park which purpose placed the park within the governmental function as a matter of law. In the instant

case the nature, place, and purpose of the sidewalk were ones of fact, which determine the applicable principles of law. The pleadings, motions, and affidavits have joined an issue of fact that should be left to the determination of a jury.

Because there were genuine issues of material facts to be determined, the trial judge erred in granting the summary judgment.

*Judgment reversed. Gardner, P. J., Townsend and Carlisle, JJ., concur.*